599 A.2d 307

**William MORWALD, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ENGINEERING & REFRIGERATION, INC.),**
Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1991.

Decided Nov. 18, 1991.

512

Christina J. Barbieri, for petitioner.

John Joseph Duffy, III, and Robert P. Domenicis, for respondent.

Before PALLADINO and SMITH, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

William Morwald, claimant (Morwald), appeals from an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision that denied Morwald's petition for reimbursement of medical expenses. The referee found the following facts. Morwald was injured during the course of his employment with Engineering & Refrigeration, Inc. (E & R). He asserts that, as a result of that injury which left him with chronic pain, he developed emotional difficulties. Morwald treated with a psychiatrist, Dr. Timothy Michals, to resolve his depression. E & R paid for the treatment rendered by Dr. Michals. Dr. Michals wanted to institute weekly sessions with Morwald. Morwald, however, chose to undergo psychotherapy administered by Theresa O'Connor, RN (O'Connor), because O'Connor's office was closer to his home and he had difficulty driving because of the chronic pain. O'Connor has a Master's degree in psychiatric nursing and is board certified in the field. Morwald underwent psychotherapy from December 1982 through August 1985. Morwald has returned to work at E & R in a supervisory capacity. E & R refused to pay for the services rendered by O'Connor.

The referee denied Morwald's claim. Because there is no licensure for psychotherapists in the Commonwealth, the referee held that the services were not rendered by a duly licensed practitioner of the healing arts and so were not covered under § 306(f) of The Pennsylvania Workmen's Compensation Act. Act of June 2, 1915, P.L. 736, § 306(f), *as amended,* 77 P.S. § 531 (Supp.1991). The Board affirmed, holding that Morwald had failed to meet his burden of proving that the services were rendered by a duly licensed practitioner or, at a minimum, that he was referred to O'Connor by a duly licensed practitioner.

■ Morwald appeals, challenging the referee's determination that O'Connor must be a licensed psychotherapist in

order for E & R to be liable for the services rendered. When faced with a challenge to a referee's decision, our standard and scope of review is clear. We will examine the record to determine whether constitutional rights have have been violated, an error of law has been committed, or whether necessary findings are supported by substantial evidence. *Monaci v. Workmen's Compensation Appeal Board (Ward Trucking)*, 116 Pa.Commonwealth Ct. 172, 174, 541 A.2d 60, 62 (1988). In essence, Morwald contends that it was an error of law to require O'Connor to be a licensed psychotherapist when there is no such licensure in the Commonwealth. We agree that it was error to require licensure when none exists. Nonetheless, we affirm the Board's decision on alternate grounds—by providing psychotherapy without supervision or referral by a practitioner licensed to prescribe such services, O'Connor's services are not covered by § 306(f). *See Gregorious v. Workmen's Compensation Appeal Board (European Health Spas)*, 87 Pa.Commonwealth Ct. 86, 93, n. 5, 486 A.2d 564, 567, n. 5 (1985) (appellate court will affirm correct result even though analysis was faulty).

In order for cost of the psychotherapeutic service rendered by O'Connor to be recovered under § 306(f), it must be a medical service which O'Connor is licensed as a registered nurse to provide according to a physician's orders. *See Toland v. Murphy,* 172 Pa.Super. 484, 490, 94 A.2d 156, 159 (1973) (Nursing services which Doctor's testimony indicated were necessary are covered by § 306(f)). O'Connor's license as a registered nurse includes the following practices: "The 'Practice of Professional Nursing' means diagnosing and treating human responses to actual or potential health problems through such services as casefinding, health teaching, health counseling, and provision of care supportive to restoration of life and well-being." Act of May 22, 1951, P.L. 317, § 2, *as amended,* 63 P.S. § 212 (Supp.1991). " 'Treating' means selection and performance of those therapeutic measures essential to the effective

execution and management of the nursing regimen ..." 63 P.S. § 212 (Supp.1991).

O'Connor is specifically precluded from "prescription of therapeutic or corrective measures" by statute [63 P.S. § 212] and by regulation [49 Pa.Code § 21.1]. The referee specifically found that O'Connor was not acting under the supervision of Dr. Michals while rendering the psychotherapy at issue here. (Referee's decision, 10–24–89, Finding No. 6). Further, Dr. Michals did not refer Morwald to O'Connor, nor confer with O'Connor during the course of the psychotherapy. (Id.). Thus, Dr. Michals did not prescribe the course of psychotherapy rendered by O'Connor.

█ Morwald argues that psychotherapy comes within the definition of "treating" quoted above in the statute delineating O'Connor's nursing license. Morwald concludes that O'Connor is licensed to select and provide psychotherapy. We disagree. Although psychotherapy is a therapeutic measure and thus, treatment, it is not treatment essential to the nursing regimen. Rather, by its definition discussed below, it is a therapeutic or corrective measure which O'Connor is not licensed *to prescribe*. O'Connor may have been qualified by virtue of her nursing license to provide psychotherapy according to a regimen prescribed by a healing arts practitioner whose license includes diagnostic and prescriptive functions. Still, without supervision by, or at a minimum, a referral from such a practitioner, the psychotherapy rendered by O'Connor does not come within the provisions of § 306(f). Just as a physical therapist must confine treatment to those referred by a physician, dentist or podiatrist [1], so *too must* those who provide psychotherapy confine treatment to those properly referred if the services provided are to be compensable.

█ The referee's and the Board's decisions focused upon the fact that there is no licensure for psychotherapists in this Commonwealth. Implicit in that analysis is a determi-

---

1. *See* Act of October 10, 1975, P.L. 383, § 9, *as amended,* 63 P.S. § 1309 (Supp.1991).

nation that psychotherapy is a separate field of the healing arts, which requires a practitioner duly licensed in the field before § 306(f) applies. We conclude that psychotherapy is a medical service, not a separate healing art.

A "healing art" is defined by statute as a "science of diagnosis and treatment in any manner whatsoever of disease or any ailment of the human body." 1 Pa.C.S. § 1991. Psychotherapy has various definitions. It is "[t]the treatment of disease by psychiatric and psychological methods, including persuasion, hypnotic suggestion, psychoanalysis, etc. The treatment of mental diseases, emotional disorders, etc., by a psychotherapist." 3 J.E. Schmidt, M.D., ATTORNEYS' DICTIONARY OF MEDICINE, at P–367 (1990). Psychotherapy has also been defined as "[t]reatment designed to produce a response by mental rather than physical effects, including the use of suggestion, persuasion, re-education, reassurance, and support, as well as the techniques of hypnosis, abreaction and psychoanalysis which are employed in so-called deep psychotherapy." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY, 25th Ed. at 1284 (1974). Alternatively, it is "a process wherein emotional and behavioral problems are treated solely or chiefly by various usages of the interaction (emotional and intellectual, verbal and non-verbal), between two individuals." M. Goldberg, M.D., *Psychotherapy*, in 11 THE CYCLOPEDIA OF MEDICINE, SURGERY, SPECIALTIES 755 (1975). Each of these definitions indicates that psychotherapy is a course of treatment. As it in no way involves a diagnosis of the underlying mental or emotional disturbance, it is not a separate field of the healing arts as defined in 1 Pa.C.S. § 1991. We hold today that psychotherapy, as a modality of treatment, is a medical service, not a separate field of the healing arts which requires specific licensure as a prerequisite to coverage under § 306(f).[2]

Affirmed.

2. Moreover, E & R may be estopped from arguing that psychotherapy is a separate healing art in this case. E & R reimbursed Morwald for

## ORDER

Now, November 18, 1991, the order of the Workmen's Compensation Appeal Board, dated October 3, 1990, at No. A89–2812, is affirmed.

the psychotherapeutic treatment rendered by Dr. Michals. As no licensure for psychotherapy exists in the Commonwealth, Dr. Michals is no more a duly licensed psychotherapist than is O'Connor. Accordingly, by their conduct, E & R has admitted that psychotherapy is a medical service, the cost of which is recoverable under § 306(f) when properly prescribed and provided.