648 A.2d 99

James G. BUCHANAN, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (MIFFLIN COUNTY SCHOOL DISTRICT and Old Republic Insurance Company), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 25, 1994.

Decided Sept. 7, 1994.

Petition for Allowance of Appeal Denied Dec. 20, 1994.

336

Lester H. Zimmerman, for petitioner.

Cal A. Leventhal, for respondents.

Before CRAIG, President Judge, NEWMAN, J., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

James G. Buchanan (Claimant) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting the Petition for Termination of Mifflin County School District (Employer) and dismissing Claimant's Petition for Penalties. We affirm.

Claimant was employed as a custodian for Employer when he suffered a work-related injury to his neck on November 11, 1985. Thereafter, Claimant received benefits pursuant to a Notice of Compensation Payable. In December of 1986, Employer filed its first termination petition, alleging that Claimant had fully recovered from his work-related injury as of November 6, 1986. The referee dismissed the petition, finding that although Claimant's physical injury had fully resolved, he had developed a psychic injury as a result of the work-related injury and was thus still disabled as a result. Employer appealed and the Board affirmed. No further appeal was taken from that decision.

On November 24, 1989, Employer again petitioned for termination, alleging that Claimant had fully recovered or in the

alternative, that his disability was not related to the compensable injury. Employer orally amended its petition to include a request, in the alternative, for a suspension. Claimant filed a petition for penalties on January 18, 1991, alleging that the Employer or its insurance carrier had unilaterally refused to pay "medical bills of Claimant which have been incurred with respect to treatment/diagnosis of his work related injury." Employer filed a timely answer in which it asserted that it had paid all medical bills connected with Claimant's work-related injury. The two petitions were consolidated and the matter was heard on July 16, 1990 and February 27, 1991.

By order dated November 21, 1991, the referee granted Employer's petition and terminated Claimant's benefits as of September 14, 1989, and denied and dismissed Claimant's petition for penalties. Claimant appealed to the Board, which affirmed the referee.[1] This appeal followed.

Our scope of review is limited to determining whether or not necessary findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). Claimant raises the following issues for our review:

1) whether the record as certified by the Board was sufficient to allow a proper determination of both Employer's termination petition and Claimant's petition for penalties;[2]

2) whether Employer met its burden of proof;

3) whether Employer's termination petition was barred by res judicata, and

1. After filing his appeal with this Court, Claimant also filed an Application for Open Ended Extension of Time Within which to File Brief and Record and an Application to Direct Workmen's Compensation Appeal Board to File Supplemental Record. By order dated January 7, 1994, this Court denied both applications.

2. By this Court's order dated January 7, 1994, the Claimant's first issue is disposed of and accordingly, we will not address it.

4) whether Employer's refusal to pay Claimant's medical bills constitutes a violation of the Worker's Compensation Act.

Claimant argues that Employer did not meet its burden of proving that all disability related to Claimant's compensable injury had ceased. Claimant contends that when an employer is petitioning to have benefits terminated, it is "incumbent upon the employer to present evidence as to the compensable injury that the employee suffered and which it is alleged has now ceased." Claimant's Brief, p. 13.

█ Claimant's statement of the burden of proof applicable to this matter is incorrect. In a termination petition, an employer must show that all disability related to the compensable injury has ceased, or, *if the claimant is still disabled,* to show that the current disability is not causally related to the compensable injury. *Giant Eagle v. Workmen's Compensation Appeal Board (Chambers),* 161 Pa.Commonwealth Ct. 35, 635 A.2d 1123 (1993).

Employer presented the deposition testimony of Dr. John M. Hume, a board-certified psychiatrist and neurologist, who examined the Claimant on September 14, 1989. As a result of that examination, Dr. Hume testified that in his opinion Claimant's somatization disorder was in existence well before the date of his work-related injury and in no way causally related to it. Dr. Hume also opined that Claimant does not have any physical basis that would prevent him from being able to work, nor would there be any psychological stress associated with his type of work that the Claimant could not cope with. In fact, Dr. Hume felt that a return to work would be of great psychological benefit, by improving Claimant's self-esteem, reducing any feelings of depression or distress, and by enabling Claimant to deal more effectively with his major underlying dependent needs.

█ The referee specifically found Dr. Hume's testimony credible and concluded that Claimant's disability was no longer work-related. Questions of credibility are for the referee to decide and in doing so, the referee may accept or reject, in

whole or in part, the testimony of any witness, including a medical witness. *Hess Brothers v. Workmen's Compensation Appeal Board (Gornick)*, 128 Pa.Commonwealth Ct. 240, 563 A.2d 236 (1989). The testimony of Dr. Hume supports the referee's conclusion that as of September 14, 1989, Claimant's disability was not work-related and therefore no longer compensable.

■ Claimant's third issue is that the relief sought by Employer, a termination, is barred by the doctrine of res judicata and that this Court is bound by the Supreme Court's recent decision in *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1993), which disallowed the employer's attempt to relitigate the issue of claimant's disability due to pneumoconiosis in the guise of a termination petition. In its opinion affirming the referee's decision, the Board herein stated that because the first termination petition alleged Claimant recovered as of November 5, 1986, whereas the instant termination petition alleged Claimant's recovery as of September 14, 1989, the doctrine of res judicata does not apply. We agree.

■ In order to apply the doctrine of res judicata, there must be a concurrence of four elements:
1) identity of the thing sued upon or for;
2) identity of the cause of action;
3) identity of the persons and parties to the action; and
4) identity of the quality or capacity of the parties suing or sued.

*Robachinski v. Workmen's Compensation Appeal Board*, 33 Pa.Commonwealth Ct. 89, 380 A.2d 952 (1977). Employer herein is alleging a date of recovery well-beyond the date of both the initial injury and the date its first termination petition was denied. Moreover, Employer clearly was not attempting in any way to relitigate either the initial disability for which it admitted liability pursuant to the Notice of Compensation Payable issued in 1985, or the determination by the referee in the first termination petition that Claimant was disabled due to a residual psychological injury as a result of

the compensable injury. Employer, through the testimony of Dr. Hume, contended that, as of September 14, 1989, any disability currently suffered by Claimant was not causally connected to the work-related injury. Such is the Employer's burden and that is what the referee found in the matter *sub judice*. We conclude, therefore, that res judicata did not bar the Employer's termination petition.

■ Finally, with respect to his Petition for Penalties in which he had the burden of proof, Claimant argues that because Employer is responsible for paying all medical bills pending its petition for review of the necessity for those bills, *Johnson v. Workmen's Compensation Appeal Board (Albert Einstein Medical Center)*, 137 Pa.Commonwealth Ct. 176, 586 A.2d 991, *petition for allowance of appeal denied*, 530 Pa. 648, 607 A.2d 257 (1991), the referee erred in dismissing his Petition for Penalties. Employer argues however, that Claimant's medical bills were not connected to his work-related injury, and thus, it was not responsible for these bills. *King v. Workmen's Compensation Appeal Board (Wendell H. Stone Co.)*, 132 Pa.Commonwealth Ct. 292, 572 A.2d 845 (1990).

In a recent decision by this Court, *Stonebraker v. Workmen's Compensation Appeal Board (Seven Springs Farm, Inc.)*, 163 Pa.Commonwealth Ct. 468, 475, 641 A.2d 655, 659 (1994), this Court stated that our decision in *King* was overruled "to the extent that [it] ... supports the proposition that an employer may unilaterally cease payment of medicals prior to a referee's termination of liability...." The *Stonebraker* court went on to explain the facts of the *King* decision thusly:

the claimant suffered a work-related myocardial infarction in 1981 and received total disability benefits; in 1985 he underwent medical tests for heart problems stemming from a pre-existing condition unrelated to the work-related disability. The claimant filed a review petition seeking payment of his medical bills; this Court held that the employer was not required to pay for the medical tests because the claimant failed to prove a causal connection between the tests and his injury. This Court did not address which party in *King* had the burden of proof before the referee,

but summarily concluded that the claimant did not prove the necessary causal connection, unlike the present situation where Employer clearly had the burden of proof, *Gallo;* thus the holding in *King* is not controlling here. (footnote omitted.)

In this case, as in *King,* the burden of proof was on Claimant to establish a causal connection between his medical bills and his compensable injury. Here, the referee specifically found that Claimant had not met his burden of establishing that the medical bills presented by him were in any way related to the work-related injury.[3]

While we acknowledge the recent line of cases, including *Johnson,* which hold that because the relief afforded by Section 306(f)(2)(ii) is prospective only, a referee may not retroactively authorize an employer to cease paying medical expenses but may only decide that future medical bills need not be compensated; *Loose v. Workmen's Compensation Appeal Board (John H. Smith Arco Station),* 144 Pa.Commonwealth Ct. 332, 601 A.2d 491 (1991); *Moats v. Workmen's Compensation Appeal Board (Emerald Mines Corporation),* 138 Pa.Commonwealth Ct. 449, 588 A.2d 116 (1991); *Brown v. Workmen's Compensation Appeal Board (Borough of New Eagle),* 137 Pa.Commonwealth Ct. 575, 587 A.2d 34 (1991); *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services),* 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990). We believe that these cases are all factually distinguishable from the matter *sub judice,* because they all concern instances where the employer was contesting the *reasonableness and necessity* of the claimant's *work-related medical bills* and had unilaterally decided to cease paying those bills. As we have already discussed, Employer herein is arguing that certain of Claimant's medical bills were unrelated to his compensable injury, and Employer was therefore not responsible for paying them.

Because the referee found that the medical bills submitted by Claimant in support of his penalty petition were not related

**3.** Conclusion of Law No. 3.

to his compensable injury, and because we conclude that Dr. Hume's testimony constitutes substantial, competent evidence to support this finding, we also conclude that the referee properly dismissed Claimant's Petition for Penalties.

Accordingly, based on the reasons stated above, we affirm the order of the Board.

## ORDER

AND NOW, this 7th day of September, 1994, the order of the Workmen's Compensation Appeal Board at No. A91–2648 is affirmed.

This decision was reached before the conclusion of President Judge CRAIG's service.