**ROYAL INSURANCE, Petitioner,**

v.

**DEPARTMENT OF LABOR AND INDUSTRY, BUREAU OF WORKERS' COMPENSATION (The SPINE CENTER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 13, 1998.

Decided March 12, 1999.

Martin N. Chitjian, Philadelphia, for petitioner.

James H. Lutz, Newtown, for respondent.

Before McGINLEY, J., SMITH, J., and McCLOSKEY, Senior Judge.

SMITH, Judge.

Royal Insurance (Insurer) petitions this Court for review of an order entered by a hearing officer of the Department of Labor and Industry, Bureau of Workers' Compensation (Bureau), granting payment to The Spine Center (Provider) for the medical treatment it provided to Dorothy Williams (Employee). In its petition for review, Insurer requests that the Bureau's order be reversed and dismissed, that a stay be granted pending final determination by the Workers' Compensation Judge (WCJ) or that a remand before the hearing officer be ordered to permit Insurer to present new evidence. Insurer questions whether a hearing officer presiding over a medical fee review proceeding has the authority to order payment of bills for medical treatment which has not yet been determined to be related to a compensable work injury.

On March 10, 1997, Provider filed an application for medical fee review pursuant to Section 306(f.1) of the Workers' Compensation Act (Act)[1] seeking reimbursement from Insurer for the cost of medical treatment provided to Employee on December 20 and 27, 1996. On July 15, 1997, the Bureau issued an administrative decision on the fee review, granting payment to Provider. Insurer filed a request for a hearing de novo seeking review of the administrative decision by the Bureau's fee review hearing office. At the hearing, Insurer argued that the WCJ had not yet determined whether the bills were related to the compensable work injury and, therefore, that the fee determination should be held in abeyance pending the WCJ's decision. Provider countered by asserting that Insurer had not presented evidence to show that the issue of causal relatedness was preserved before the WCJ and, as a result, payment of the medical bills should be ordered.

The hearing officer found that Insurer failed to prove that it had challenged or was in the process of challenging the causal relationship between the work-related injury and Provider's medical expenses. The hearing officer also determined that there was no evidence to show that Insurer had properly served Provider with notice that it was seeking a utilization review. Moreover, the officer found that the utilization report was not submitted into evidence. As a result, Insurer failed to establish that the WCJ's pending decision would affect Provider's entitlement to reimbursement for the medical expenses. In light of these findings, the hearing officer ordered payment of the bills to Provider with applicable interest computed on the sum.

A review by the Court of a hearing officer's order involving a medical fee review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact were supported by substantial evidence. *Catholic Health Initiatives v. Heath Family Chiropractic,* 720 A.2d 509 (Pa.Cmwlth.1998). Under administrative agency law, a fact finder is required to base factual findings on competent evidence. *Department of Transportation, Bureau of Traffic Safety v. Uebelacker,* 98 Pa.Cmwlth. 436, 511 A.2d 929 (1986).

Insurer cites the medical cost containment regulations, 34 Pa.Code Chapter 127, to support its contention that the hearing officer acted outside the scope of her authority. Section 127.251 states in relevant part: "A provider who has submitted the required bills and reports to an insurer and who disputes the amount or timeliness of the payment made by the insurer, shall have standing to seek review of the fee dispute by the Bureau." 34 Pa.Code § 127.251. Insurer argues that the hearing officer cannot make a determination about timeliness or amount where a dispute about the relatedness of the treatment is still pending before the WCJ.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531.

However, 34 Pa.Code § 127.555 provides only two means for a fee review application to be dismissed as premature: "The Bureau will return applications for fee review prematurely filed by providers when one of the following exists: (1) The insurer denies liability for the alleged work injury. (2) The insurer has filed a request for a utilization review of the treatment." Insurer argues that it falls into the first category because implicit in the first element of this regulation is a denial of the compensability of a bill, and since Insurer denies that the treatment is related to the work injury, the fee review should be dismissed as premature.

A review of the record indicates that Insurer did not deny liability for the work injury. In response to Employee's review petition, Insurer asserted only that the December 1996 medical treatment was unreasonable and unnecessary. Asserting that treatment is unreasonable and unnecessary is separate and distinct from questioning causation. *See generally Buchanan v. Workmen's Compensation Appeal Board (Mifflin County Sch. Dist.)*, 167 Pa.Cmwlth. 335, 648 A.2d 99 (1994). Nor can Insurer claim that the fee review should be dismissed as premature because it properly sought a request for a utilization review. A request for utilization review must be served on all parties. 34 Pa.Code § 127.452. The hearing officer found that Provider presented uncontradicted testimony that it had never received notification that the bills would be subjected to a utilization review and that it was not provided with a utilization review report.

Because Insurer did not present a copy of the utilization review report to the hearing officer or otherwise prove that litigation was pending which may affect Provider's entitlement to payment of the medical bills, the hearing officer properly concluded that Insurer failed to prove that it challenged the causal relationship between Employee's work injury and medical treatment provided. Indeed, without a copy of the utilization review report, the officer could not determine whether Provider and the medical bills at issue were the subject of the utilization review. Although the hearing officer established a briefing schedule, Insurer did not file a brief nor apparently attempt in any other manner to produce evidence of a utilization review report that would support its arguments. The Court concludes that the hearing officer possessed the authority to order payment of medical bills to Provider and that she correctly determined that Insurer failed to meet its burden of showing proper reimbursement to Provider as required by 34 Pa.Code § 127.259(f)[2] of the regulations. Accordingly, the order of the Bureau of Workers' Compensation is affirmed.

## ORDER

AND NOW, this 12th day of March, 1999, the order of the Bureau of Workers' Compensation is affirmed.

---

**2.** Section 127.259(f) states that in a fee review hearing "[t]he insurer shall have the burden of proving by a preponderance of the evidence that it properly reimbursed the provider."