**Mark T. ALLEN, M. D., Petitioner**

v.

**BUREAU OF WORKERS' COMPENSA-
TION FEE REVIEW HEARING OF-
FICE (KEMPER INSURANCE), Re-
spondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 6, 2004.

Decided March 26, 2004.

Publication Ordered June 22, 2004.

Marc H. Snyder, Elkins Park, for peti-
tioner.

Doreen L. Prescott, Philadelphia, for re-
spondent.

BEFORE: McGINLEY, Judge, and
LEAVITT, Judge, and MIRARCHI,
Senior Judge.

OPINION BY Judge McGINLEY.

Mark T. Allen, M.D. (Dr. Allen) peti-
tions for review from the order of the
Department of Labor and Industry, Bu-
reau of Workers' Compensation, Fee Re-
view Hearing Office (Office) which denied
the payment of bills Dr. Allen submitted
for fee review.

Dr. Allen through his billing agent,
Craig Rosen (Rosen), billed Kemper Insur-
ance (Kemper) for vertebral axial decom-
pression treatments (VAX–D) [1] treatments
for Oliver Nestor on March 2, 7–9, 12, and
15–16, 2001. Rosen assigned Code 97799,
a miscellaneous billing code, for the VAX–
D treatments because Medicare lacks a
specific code for the treatment.[2]

By letter dated April 16, 2001, (Letter),
Christine Clark (Clark) of Kemper in-
formed Dr. Allen that Kemper would no
longer pay for VAX–D treatments under

1. VAX–D treatment is a non-surgical spinal
decompression treatment for patients with
low back pain and involves the use of a split
table which consists of both fixed and movea-
ble sections. A pelvic harness with a distrac-
tion force is attached to the patient and his
spine is gradually stretched to relieve pres-
sure on compressed discs.

2. The parties stipulated that the Medicare
coding scheme is the coding scheme used in
Workers' Compensation.

Code 97799 but under Code 97012.[3] The payment level for Code 97012 is less than Code 97799. The letter also informed Dr. Allen that he had ten days to respond to the changes. Kemper did not receive a response from either Dr. Allen or Rosen. On June 11, 2001, Kemper issued a check for the VAX–D services under Code 97012.

Dr. Allen applied for a fee review with the Bureau of Workers' Compensation (Bureau) and requested review of the amount of payment by Kemper for the VAX–D treatments from March 2 through March 16, 2001. On July 20, 2001, the Bureau issued an administrative decision in favor of Kemper. Dr. Allen appealed to the Office and requested a *de novo* hearing.

On October 23, 2002, the Office conducted a hearing. Kemper's counsel, Doreen L. Prescott (Prescott), argued that Dr. Allen had ten days to respond under the applicable regulation, 34 Pa.Code § 127.207[4], failed to do so, and, consequently, Dr. Allen could not at the hearing

argue about the downcoding of VAX–D treatments.

Rosen testified that when he received the Letter he made two attempts to reach Clark by telephone, though he did not keep a log of the calls. Notes of Testimony, October 23, 2002, (N.T.) at 74, 77; R.R. at 90, 94. Rosen admitted that after he received the check based on Code 97012 he filed a fee review challenging the amount of payment "even though I know the ten-day rule had elapsed." N.T. at 76; R.R. at 93. On cross-examination, Rosen admitted that he did not respond in ten days as requested in the letter and did not respond at all in writing.[5] Rosen explained that he did not submit anything in writing because Kemper was not going to change and VAX–D could not be confused as a traction device. N.T. at 86–87; R.R. at 104–105.[6]

On September 9, 2003, the Office denied any further payment of bills submitted under the fee review:

> (4) The changes are consistent with Medicare guidelines, the act and this subchapter.
> (b) For purposes of subsection (a)(1), the provider shall be given 10 days to respond to the notice of the proposed changes, and the insurer must have written evidence of the date notice was sent to the provider.

**3.** The Letter stated that Code 97012 was "defined as a modality, being any physical agent applied to produce changes to biologic tissue; includes but not limited to thermal, acoustic, light, mechanical or electric energy, not requiring direct (one to one) contact by the provider specifically, traction, mechanical." Letter from Christine Clark, April 16, 2001, at 1–2; Reproduced Record (R.R.) at 253–254.

**4.** The applicable Bureau regulation concerning downcoding by insurers, 34 Pa.Code § 127.207, provides:

> (a) Changes to a provider's code by an insurer may be made if the following conditions are met:
> (1) The provider has been notified in writing of the proposed changes and the reasons in support of the changes.
> (2) The provider has been given an opportunity to discuss the proposed changes and support the original coding decisions.
> (3) The insurer has sufficient information to make the changes.

**5.** Kemper's counsel, Doreen L. Prescott, questioned Rosen about his response to the April 16, 2001, letter:

> Q: Mr. Rosen, you testified that you did receive the April 16th letter from Christine Clark. In that letter it states that you have ten days to respond to these changes. Did you respond in ten days, as requested by the letter? Did you at all respond in writing?
> A: No.

N.T. at 84–85; R.R. at 102–103.

**6.** Raymond E. Silk, M.D., board-certified in general surgery, quality assurance, utilization review, and risk management, described the VAX–D treatment and the benefits associated with it.

In response to Provider's [Dr. Allen] billing, reporting and coding/treatment information, Insurer [Kemper] issued written notification to Provider [Dr. Allen], dated April 16, 2001, advising therein that Insurer [Kemper] proposed to change Provider's [Dr. Allen] billed miscellaneous code for the VAX–D treatment, 97799, to a more specific, 'comparable' code, that is, 97012, identified for use in reporting a modality, i.e. mechanical traction.... Insurer [Kemper] detailed its' [sic] reasons in support of the proposed change to code 97012 ... and specifically advised Provider [Dr. Allen] therein that, according to Pennsylvania regulatory authority, Provider [Dr. Allen] had ten days to respond to this proposed code change notice. Provider's billing agent [Rosen] acknowledged receiving Insurer's [Kemper] April 16, 2001 letter notification in and about that time, and further, conceded that he did *not* respond to this written notification of code change within ten days. Insurer [Kemper], in the absence of any Provider [Dr. Allen] response in support of its' [sic] coding, subsequently issued payment to Provider [Dr. Allen] based upon the reimbursement rate applicable for the changed code that is 97012. Accordingly, in light of these established facts and upon consideration of the aforestated, plainly worded statutory and regulatory code change authority, the question of Insurer's [Kemper] compliance with the relevant code change authority must be answered affirmatively. Further, insofar as Provider [Dr. Allen] failed to offer any support for its' [sic] original coding

decision within the requisite time period, consideration of Provider's [Dr. Allen] assertions that Insurer [Kemper] incorrectly coded the non-surgical decompression treatment and/or evidence present in support of same is unnecessary.

Hearing Officer's Decision, September 9, 2003, at 6–7; R.R. at 13–14.

Dr. Allen contends that the Hearing Officer wrongfully determined that Kemper permissibly changed the VAX–D treatments to Code 97012 and wrongfully determined that Dr. Allen was not due additional payments as a result.[7] Dr. Allen asserts that the Hearing Officer impermissibly imposed a requirement that he respond to Kemper's change of the code of the VAX–D treatment within ten days.

Section 306(f.1)(3)(viii) of the Workers' Compensation Act (Act)[8] provides in pertinent part: "Changes to a provider's codes by an insurer shall be made only as consistent with Medicare and when the insurer has sufficient information to make the changes and following consultation with the provider." The applicable Bureau regulation concerning downcoding by insurers provides that the provider has ten days to respond to the notice of proposed changes.

It is clear from the record that Kemper complied with the Act and the regulation when it downcoded the VAX–D treatment. Under the regulation Dr. Allen had ten days to respond. He failed to do so. The Office did not err when it determined that Dr. Allen was not permitted to raise his objections to the downcoding at the hear-

---

7. Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact were supported by substantial evidence. *Royal Insurance v. Department of Labor and Industry, Bureau of*

*Workers' Compensation (Spine Center),* 728 A.2d 401 (Pa.Cmwlth.1999).

8. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(3)(viii).

ing when he did not comply with the ten day requirement.

Accordingly, we affirm.

### ORDER

AND NOW, this 26th day of March, 2004, the order of the Bureau of Workers' Compensation, Fee Review Hearing Office in the above-captioned matter is affirmed.