Arlene DELAROSA, Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (MASONIC HOMES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 20, 2007.

Decided Oct. 11, 2007.

Binstead testified that the Avondale machine was operating properly after he replaced the battery.

Ronald T. Tomasko, Harrisburg, for petitioner.

Maura B. Mundy, Lemoyne, for respondent.

BEFORE: COLINS, Judge, FRIEDMAN, Judge, KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Arlene Delarosa (Claimant) petitions for review of the February 9, 2007, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of a workers' compensation judge (WCJ) purporting to grant the penalty petition filed by Claimant against Masonic Homes (Employer) but, in fact, denying: (1) Claimant's request to assess penalties against Employer for failure to pay certain medical expenses; and (2) Claimant's request for an award of attorney fees based on Employer's unreasonable contest.[1] We affirm in part, and we reverse and remand in part.

In August 1991, Claimant sustained a work-related injury and received benefits pursuant to a Notice of Compensation Payable that originally described the injury as cervical and left shoulder strain but, subsequently, was expanded to include herniated discs of the lumbar spine and nerve entrapment. (R.R. at 5a.) In a decision circulated on October 3, 1997, the WCJ approved the commutation of Claimant's remaining partial disability benefits into a lump sum payment; however, Employer remained liable for any reasonable, necessary medical expenses related to Claimant's work injury. (*See* R.R. at 2a–7a.)

■ In February 1998, Claimant filed a penalty petition against Employer, alleging that Employer violated section 306(f.1)(1) of the Workers' Compensation Act[2] (Act), 77 P.S. § 531(1), by failing to pay for

---

1. The WCJ's decision and order actually dealt with two penalty petitions filed by Claimant. In the second penalty petition, Claimant charged Employer with failure to pay bills for medications from Sloan E–Town Pharmacy (Sloan). The WCJ granted that penalty petition, determining that Employer was liable to Claimant for the medications from Sloan, assessing a penalty of twenty-five percent of the medication bills and awarding Claimant $2,340.00 in attorney's fees. Employer did not appeal from this determination.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(1). Section 306(f.1)(1) of the Act sets forth the type of medical treatment an employer must pay for and provides in relevant part:

> The employer shall provide payment in accordance with this section for *reasonable surgical and medical services, services rendered by physicians or other health care providers,* including an additional opinion when invasive surgery may be necessary, medicines and supplies, as and when needed.

77 P.S. § 531(1)(i) (emphasis added). A "health care provider" is defined as:

> [A]ny *person,* corporation, facility or institution *licensed or otherwise authorized by the Commonwealth to provide health care services,* including, but not limited to, any physician, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor or pharmacist and an officer, employe or agent of such person acting in the course and scope of employment or agency related to health care services.

Section 109 of the Act, added by section 3 of the Act of July 2, 1993, P.L. 190, *as amended,* 77 P.S. § 29 (emphasis added).

reasonable, related medical expenses that Claimant incurred between August 1996 and August 1998 with Rebecca L. Emerick, M.S.,[3] a counselor/therapist with "Another Perspective Associates," under a referral by Claimant's treating physician, Walter C. Peppelman, Jr., D.O. Claimant requested a fifty percent penalty on all past due and owing medical expenses[4] as well as attorney's fees for unreasonable contest under section 440 of the Act,[5] 77 P.S. § 996. (R.R. at 9a.)

Employer filed an answer denying that it violated the terms of the Act. Employer maintained that it properly denied bills for psychotherapy from "Another Perspective Associates" because the alleged treatment does not meet the legal requirements of *Morwald v. Workmen's Compensation Appeal Board (Engineering & Refrigeration, Inc.)*, 143 Pa.Cmwlth.511, 599 A.2d 307 (1991), and *Foyle v. Workmen's Compensation Appeal Board (Liquid Carbonic I/M Corp.)*, 160 Pa.Cmwlth.534, 635 A.2d 687 (1993), *appeal denied*, 538 Pa. 660, 648 A.2d 791 (1994). Employer explained,

"[s]pecifically, psychotherapy as a modality of treatment is a medical service only if it is provided with the supervision or referral by a practitioner *licensed to provide such services.*" (R.R. at 13a, emphasis added.) In addition, Employer asserted it was not liable to pay for such treatment because "Another Perspective Associates" failed to provide the reports and notes required by section 306(f.1)(2) of the Act,[6] 77 P.S. § 531(2). (R.R. at 14a.) Finally, Employer denied that Claimant is entitled to any penalty because her requested medical service does not qualify under the psychotherapy standards. (R.R. at 14a.)

The penalty petition was assigned to a WCJ, and a hearing was held on October 14, 1998. In support of her penalty petition, Claimant testified on her own behalf and presented the testimony of Emerick and the deposition testimony of Dr. Peppelman. Crediting this testimony, the WCJ found that Claimant received reasonable medical services from Emerick under the supervision of Dr. Peppelman, who is a duly licensed practitioner of the healing

---

**3.** Emerick's credentials include: Master of Science degree in psychology; two-year postgraduate didactic and clinical training in family therapy; certification as a family therapist; practitioner member (highest status) of The Academy of Family Mediators; and a Master of Business Administration degree. (R.R. at 85a.)

**4.** Section 435(d)(i) of the Act provides, in pertinent part, that an employer who violates the Act may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable. 77 P.S. § 991(d)(i). These penalties may be increased to fifty per centum in cases of unreasonable or excessive delays. *Id.*

**5.** Added by section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 996. Section 440 of the Act provides that, in any contested case, a claimant who prevails in the matter at issue, in whole or in part, shall be

awarded reasonable attorney's fees in addition to compensation, unless the employer establishes a reasonable basis for its contest. Whether an employer's contest is reasonable is a question of law fully reviewable by this court. *Lewistown Hospital v. Workmen's Compensation Appeal Board (Kuhns)*, 683 A.2d 702 (Pa.Cmwlth.1996).

**6.** This subsection of the Act states:

Any provider who treats an injured employe shall be required to file periodic reports with the employer on a form prescribed by the department which shall include, where pertinent, history, diagnosis, treatment, prognosis and physical findings. The report shall be filed within ten (10) days of commencing treatment and at least once a month thereafter as long as treatment continues. The employer shall not be liable to pay for such treatment until a report has been filed.

77 P.S. § 531(2).

arts,[7] and that the evaluations and treatment by Emerick, along with the costs for that treatment, were reasonable, necessary and related to Claimant's work injury. (WCJ's Findings of Fact, Nos. 15, 18.)

In opposition to Claimant's penalty petition, Employer presented the testimony of Darrin Crane, a subrogation specialist with Employer's insurance carrier who worked on Claimant's workers' compensation case. Based on Crane's testimony, the WCJ found that Employer denied payments for psychotherapy rendered by Emerick based solely on (1) a lack of establishment of causation between Claimant's treatment and condition, and (2) the qualifications of the involved practitioners.[8] (WCJ's Findings of Fact, No. 17.)

Based on these findings, the WCJ concluded that Employer is and was liable to Claimant for the payment of medical expenses, including the bills for Claimant's treatment by Dr. Peppelman and Emerick, and ordered Employer to pay these bills along with statutory interest and litigation expenses. (WCJ's Conclusions of Law, No. 3.) However, the WCJ declined to assess a penalty against Employer based on its refusal to pay the bills from Emerick. (WCJ's Conclusions of Law, No. 2.) Moreover, the WCJ did not award attorney's fees under section 440 of the Act, concluding that Employer reasonably contested the penalty petition by its cross-examination of Emerick, Dr. Peppelman and Claimant and by the presentation of Crane's testimony. (WCJ's Findings of

7. Based on Emerick's credible testimony, the WCJ found that Emerick began treating Claimant in August 1996 on referral by Dr. Peppelman, that she consulted Dr. Peppelman regarding Claimant's care and that, to date, Employer has not paid for any treatment rendered. In addition, the WCJ found that Claimant had severe depression, extensive physical limitations and a lack of mental alertness stemming from the medication taken for her condition, and Emerick helped Claimant with pain issues and with the return to a healthy, productive life and social situation. (See WCJ's Findings of Fact, Nos. 5–9.)

Based on Dr. Peppelman's credible testimony, the WCJ found that Dr. Peppelman began treating Claimant for her work-related injuries in 1991 and, in 1996, referred Claimant to Emerick for emotional counseling to deal with Claimant's related pain, to attempt to eliminate Claimant's reliance on narcotic medication and to help Claimant manage the difficulties of living a normal life with her injuries. The WCJ also found that Dr. Peppelman received training, including board certification testing, for the treatment of emotional disorders that occur with chronic pain, and Dr. Peppelman regularly communicates with and supervises the therapists to whom he refers his patients for counseling, specifically including the psychotherapy that Emerick provided to Claimant. Finally, the WCJ found that, as a result of the treatment with Emerick, Dr. Peppelman was able to change

Claimant's medications and remove narcotics; moreover, Claimant's ability to manage the activities of daily life improved tremendously since the initiation of treatment with and assistance by Emerick. (See WCJ's Findings of Fact, Nos. 10–14.)

8. Based on Crane's credible testimony, the WCJ found that, although the initial bills and reports related to Emerick's treatment of Claimant were not on properly completed forms, this was not the basis for Employer's refusal to pay those bills, and, in fact, Employer would not have paid even if the bills had been submitted on the proper forms because of issues about the referral process, the services being provided, who was overseeing the treatment and a change in diagnosis. (See WCJ's Findings of Fact, Nos. 16–17.) In this regard, we note that, in November of 1998, following the hearing before the WCJ, Emerick's bills were again submitted to Employer, this time on the proper forms. In a letter dated November 19, 1998, payment was again denied, with the explanation that "services are not provided under supervision or referral of a practitioner licensed to provide such services." (R.R. at 171a.) In a second correspondence, dated December 4, 1998, it was explained that payment for Emerick's bills was denied because the services that Emerick provided were not related to Claimant's work injury. (R.R. at 176a.)

Fact, No. 25; WCJ's Conclusions of Law, No. 4.)

Claimant appealed to the WCAB, challenging the WCJ's refusal to award penalties and the WCJ's determination that Employer reasonably contested Claimant's penalty petition. The WCAB affirmed the WCJ in all respects, and Claimant now petitions this court for review.[9]

Claimant first argues that the WCJ abused her discretion by failing to impose penalties against Employer despite concluding that Emerick's treatment is causally related to Claimant's work injury and ordering Employer to pay Claimant's outstanding medical bills related to that treatment. Citing *Buchanan v. Workmen's Compensation Appeal Board (Mifflin County School District)*, 167 Pa.Cmwlth. 335, 648 A.2d 99, *appeal denied*, 539 Pa. 682, 652 A.2d 1326 (1994), Claimant asserts that where an employer, like Employer here, unilaterally denies or ceases payment of a claimant's medical bills based on an alleged lack of causation between the claimed treatment and the work injury, the employer can escape penalties *only* if a WCJ later determines that the medical bills *are not* causally related to the work-injury.

In *Buchanan*, we held that a WCJ properly dismissed the claimant's penalty petition where the WCJ found that the unpaid medical bills submitted by the claimant in support of his penalty petition *were not causally related* to the claimant's compensable work injury. Claimant maintains that because the WCJ here found that the challenged medical bills *were causally related* to Claimant's work-related injuries, *Buchanan mandates* the imposition of penalties. We disagree.

■ In *Listino v. Workmen's Compensation Appeal Board (INA Life Insurance Company)*, 659 A.2d 45 (Pa.Cmwlth. 1995),[10] we discussed *Buchanan* and considered for the first time whether an employer, who unilaterally ceases to pay a claimant's medical costs on causation grounds, can be liable for penalties if a WCJ later finds that that the medical bills are causally related to the claimant's work injury. We held that, in such a case, the employer must pay all of the medical costs, and, further, the employer is subject to penalties under the Act, *at the discretion of the WCJ.*

■ Here, having found that the medical costs for Claimant's treatment with Emerick were causally related to Claimant's work injuries, the WCJ properly ordered Employer to pay those costs. *Listino.* However, in a proper exercise of her discretion, the WCJ declined to subject Employer to penalties under the Act. *Jordan v. Workers' Compensation Appeal Board (Philadelphia Newspapers, Inc.)*, 921 A.2d 27 (Pa.Cmwlth.2007) (holding that the imposition of penalties, as well as the amount of penalties, is within the discretion of the WCJ, and, absent an abuse of discretion,[11] this court will not overturn

9. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

10. In *Listino,* the WCJ found that the medical bills the employer refused to pay were causally related to the claimant's work injury and

granted the claimant's penalty petition. The WCAB reversed the imposition of penalties; however, on appeal to this court, we reinstated the WCJ's award of penalties, noting that the WCJ acted well within his discretion in ordering that award.

11. An abuse of discretion is not merely an error of judgment but occurs when the law is misapplied in reaching a conclusion. *Jordan v. Workers' Compensation Appeal Board (Phil-*

the WCJ's determination); *Shaffer v. Workmen's Compensation Appeal Board (Avon Products, Inc.)*, 692 A.2d 1163 (Pa. Cmwlth.), *appeal denied*, 549 Pa. 731, 702 A.2d 1062 (1997) (recognizing that an award of penalties is within the WCJ's discretion, and a violation of the Act does not, by itself, mandate the imposition of penalties); *Listino.*

■ Claimant next contends that the WCAB erred in affirming the WCJ's denial of attorney's fees for an unreasonable contest where Employer's defended its refusal to pay Emerick's bills based upon a false statement of the law. We agree.

■ Explaining its denial of payment for Emerick's services, Employer relied on *Morwald* for the proposition that psychotherapy is a compensable medical service under section 306(f.1)(1) of the Act *only* when it is prescribed and/or supervised by a licensed psychiatrist or psychologist.[12] Employer maintained that, under the holding in *Morwald*, Dr. Peppelman, an ortho-

pedic surgeon, is not legally capable of either prescribing or supervising Claimant's psychotherapy with Emerick. (*See* R.R. at 13a, 171a.) However, our holding in *Morwald* was not so limited. Rather, we held that for costs of psychotherapy services to be recoverable under the Act, those services must have been rendered by a licensed practitioner of the healing arts, whose license includes diagnostic or prescriptive functions, or it must be performed under the supervision of, or according to a regimen prescribed by, such a practitioner.[13] *Morwald.* Because Employer never questioned Dr. Peppelman's status as a duly licensed practitioner of the healing arts and never disputed that Dr. Peppelman prescribed and/or supervised Claimant's psychotherapy, Employer could not reasonably contest its liability to pay Emerick's bills for psychotherapy based on *Morwald.*

Additionally, to the extent that Employer contested Claimant's penalty petition on

---

*adelphia Newspapers, Inc.)*, 921 A.2d 27 (Pa. Cmwlth.2007).

12. Interestingly, in its brief to this court, Employer does not mention *Morwald;* instead, Employer asserts that Claimant is not entitled to attorney's fees under section 440 of the Act because Claimant did not prevail before the WCJ on her penalty petition. We disagree. Although the WCJ did not assess penalties against Employer, Claimant prevailed, at least in part, because the WCJ found that Emerick's treatment was causally related to Claimant's work injury and ordered Employer to pay for that treatment.

13. In *Morwald*, the claimant sought reimbursement for medical fees associated with psychotherapy he received from an unlicensed therapist. The WCJ denied reimbursement, finding that the claimant's psychotherapy was not rendered by a duly licensed practitioner of the healing arts, and, therefore, was not reimbursable under the Act. The WCAB affirmed. On appeal to this court, we affirmed on other grounds. We determined that psychother-

apy is a medical service, not a separate healing art, and, therefore, the cost of properly prescribed psychotherapy is recoverable under the Act even though the Commonwealth does not provide licensure to psychotherapists. We also recognized that the claimant's therapist may have been qualified to provide psychotherapy according to a regimen prescribed by a healing arts practitioner whose license includes diagnostic and prescriptive functions. Nevertheless, we agreed that the cost of the claimant's psychotherapy was not recoverable, stating that "without supervision by, or at a minimum, a referral from, such a practitioner, the psychotherapy rendered ... does not come within the provisions of [then] § 306(f) [of the Act]." *Id.* at 309. In *Foyle*, also relied upon by Employer here, we cited *Morwald* for the proposition that for psychotherapy to be compensable under the Act, it must be performed by a duly licensed practitioner of the healing arts or under the supervision of such a person; we did *not* require the supervising practitioner to be a licensed psychiatrist or psychologist.

grounds that Emerick's psychotherapy was not causally related to Claimant's work injuries,[14] our review of the record reveals that that too was unreasonable. In his testimony, Crane simply acknowledged that Employer refused to pay for Emerick's psychotherapy, in part, because of the lack of a nexus between the treatment and Claimant's condition, (R.R. at 52a); however, Employer offered no evidence to support its denial of payment on this basis. Nor did Employer cross-examine Emerick, Claimant or Dr. Peppelman about a lack of causal nexus. (*See* R.R. at 71a–76a, 79a–80a, 136a–50a, 152a.)

Accordingly, we reverse the WCAB's order to the extent that it affirms the WCJ's denial of an award of attorney's fees for unreasonable contest, and we remand the matter to the WCAB for remand to the WCJ to determine the amount of attorney's fees owed. We affirm the WCAB's order in all other respects.

### ORDER

AND NOW, this 11th day of October, 2007, the order of the Workers' Compensation Appeal Board, dated February 9, 2007, is hereby reversed and remanded in part, and affirmed in part in accordance with the foregoing opinion.

Jurisdiction relinquished.

DISSENTING OPINION by Senior Judge KELLEY.

I respectfully dissent.

It is well settled that:

"[w]hen a claimant prevails in a litigated case, the WCJ must assess counsel fees against the [employer] pursuant to Section 440 of the Act, 77 P.S. § 996, unless the [employer] establishes a reasonable basis for the contest. The issue of whether the [employer] had a reasonable basis for its contest is one of law based upon whether the contest was brought to resolve a genuinely disputed issue or merely for the purpose of harassment."

*City of Nanticoke v. Workers' Compensation Appeal Board (Ziolkowski)*, 828 A.2d 462, 469 (Pa.Cmwlth.2003), *petition for allowance of appeal denied*, 577 Pa. 673, 842 A.2d 407 (2004) (citation omitted). *See also Bates v. Workers' Compensation Appeal Board (Titan Construction Staffing, LLC)*, 878 A.2d 160, 163 (Pa.Cmwlth.2005), *petition for allowance of appeal denied*, 588 Pa. 752, 902 A.2d 1243 (2006) ("[I]n reviewing the record to determine whether an employer's contest was reasonable, the court must look at the totality of the circumstances, 'since the reasonableness of the contest may not necessarily depend on a conflict in the evidence per se.'") (citation omitted).

As noted by the Majority, in this case, Employer denied payment for Claimant's psychotherapy bills because it alleged, *inter alia*, that under *Morwald v. Workmen's Compensation Appeal Board (Engineering & Refrigeration, Inc.)*, 143 Pa. Cmwlth.511, 599 A.2d 307 (1991) and *Foyle v. Workmen's Compensation Appeal Board (Liquid Carbonic I/M Corp.)*, 160 Pa.Cmwlth.534, 635 A.2d 687 (1993), *petition for allowance of appeal denied*, 538 Pa. 660, 648 A.2d 791 (1994), "[p]sychotherapy as a modality of treatment is a medical service only if it is provided with the supervision or referral by a practitioner licensed to provide such services." R.R at 13a.

In this regard, the WCJ specifically found as fact that Employer "[r]easonably contested the first [penalty] petition by its

---

**14.** In this regard, we note that Employer's answer to Claimant's penalty petition did not include lack of causation as a basis for denying payment of Emerick's bills.

cross-examination of Ms. Emerick, Dr. Peppelman and the claimant and by the presentation of the testimony of Mr. Crane." WCJ Decision at 6. As a result, the WCJ concluded that Employer "[d]id reasonably contest the petition with respect to the bills from Ms. Emerick and Dr. Peppelman." *Id.*

Thus, although Employer may have incorrectly interpreted our holdings in *Morwald* and *Foyle*, the WCJ found as fact that Employer reasonably contested the first petition through its cross-examination of Claimant and his witnesses, and through the testimony of its witness, Mr. Crane. Thus, the instant contest was brought to resolve a genuinely disputed issue, and there is absolutely no finding that it was brought merely for the purpose of harassment. As a result, I would affirm the Board's affirmance of the WCJ's determination in this regard. *See, e.g., Bates,* 878 A.2d at 164–165 ("[W]e do not read the cases relied upon by claimant to establish a *per se* rule that any time a claimant demonstrates a violation of the Act, however slight or unintentional, or succeeds to any extent in a penalty petition, the employer's contest must be deemed to be unreasonable as a matter of law. Each case must be decided on its own facts in order to determine whether an employer's contest of a petition asserting a violation of the Act is reasonable. Otherwise, the language in Section 440(a) of the Act that, 'attorney fees may be excluded when a reasonable basis for the contest has been established by the employer' would be nullified with respect to all penalty petitions. If we adopted the rule espoused by the claimant, an employer ... would always be deprived of the opportunity to explain its actions and contest the amount of the penalty sought. We conclude that this is not the law.") (footnote omitted).

Accordingly, unlike the Majority, I would affirm the Board's order in all respects.

