Karen GREEN, Petitioner,

v.

WORKERS' COMPENSATION APPEAL
BOARD (JEFFERSON HEALTH
SERVICES), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 20, 1998.
Decided April 22, 1998.
Reargument Denied June 12, 1998.

Michael A. Murphy, Pittsburgh, for petitioner.

Michael D. Sherman, Pittsburgh, for respondent.

Before McGINLEY and LEADBETTER, JJ., and RODGERS, Senior Judge.

McGINLEY, Judge.

Karen Green (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) which affirmed the Workers' Compensation Judge's (WCJ)[1] termination of Claimant's benefits as of September 6, 1994.

Claimant was injured at work on June 29, 1990, while employed by Jefferson Health Services (Employer) as a nurse's aide. A notice of compensation payable acknowledged the injury as a cervical strain. On September 26, 1990, Employer filed a termination petition which was denied by the referee. On March 12, 1991, upon Claimant's return to work, compensation benefits were suspended. Claimant was granted a reinstatement of benefits on June 22, 1994, it appearing she could no longer perform the duties of a nurse's aide.

On December 1, 1994, Employer filed the present termination petition alleging that all of Claimant's disability caused by her work

---

1. Referees are now called Workers' Compensation Judges under the amendments effective August 31, 1993, to the Workers Compensation Act (Act), Act of June 2, 1915, P.L. 736 *as amended*, 77 P.S. § 701. *See* Act 44, Act of July 2, 1993, P.L. 190.

injury of June 29, 1990, terminated as of September 6, 1994. Claimant denied the allegations and alleged that the petition was barred by the principle of res judicata and/or collateral estoppel as a result of the reinstatement entered in June of 1994. At the hearing, Claimant testified that as of June 29, 1990, her treating physician was Robert F. Weiss (Dr. Weiss). In 1994 and 1995, although Claimant did not treat with Dr. Weiss, Claimant did home exercises and took Relafen, as prescribed by Dr. Weiss. Claimant did her own grocery shopping, cooking and dishes, and also cared for her twelve-year-old daughter. Claimant felt physically capable of returning to employment, but not to her pre-injury position as a nurses' aide.

The WCJ made the following relevant findings of fact:

6. Taken as a whole, I find that the evidence of record establishes that the claimant had fully recovered from her June 29, 1990 work-related injury as of September 6, 1994. I base this finding on the following considerations. Dr. Langa[2] credibly testified that as of September 6, 1994, the claimant had fully recovered from her work-related injuries, and was physically capable of returning to her prior employment without restrictions. This opinion was based upon the lack of any objective evidence supporting the claimant's subjective complaints either on physical examination or on diagnostic studies. This was basically what Dr. Weiss had found on his physical examination and review of studies also. I have reviewed the supplemental report issued by Dr. Weiss, but find that this can only be considered to the extent that it corroborates other competent medical evidence. The other competent medical evidence would be Dr. Weiss's prior testimony which occurred on June 25, 1993, and could not address her condition in 1994. Accordingly, based upon the credible testimony of Dr. Langa, I find

that the claimant had fully recovered from her work-related injury as of September 6, 1994. To the extent that the testimony of Dr. Weiss could be construed as contradicting that of Dr. Langa, I find the latter to be the more credible, persuasive, and probative medical evidence of record. Further, to the extent that the testimony of the claimant as to ongoing symptomatology could be construed as contradicting the opinions offered by Dr. Langa, I find the testimony of Dr. Langa to be more credible than that offered by the claimant.

WCJ Decision, January 31, 1996 (WCJ Decision), Finding of Fact (F.F.) No. 6; at 4–5; Reproduced Record (R.R.) at 163a–164a.

The WCJ concluded:

1. The issues in a reinstatement petition are not identical to those in a termination petition. Therefore, the defendant is not precluded by the doctrine of res judicata/collateral estoppel from preceding on the present termination petition based upon the findings made in the prior reinstatement petition.

2. The defendant met its burden of proving that the claimant had fully recovered from her June 29, 1990 work-related injury. Therefore, the defendant is entitled to a termination of benefits.

WCJ Decision, Conclusions of Law Nos. 1–2; R.R. at 164a. The Board affirmed the WCJ's decision concluding that; "Dr. Langa's testimony, as accepted by the WCJ is sufficient to support the Judge's finding that Claimant has fully recovered from her work injury." Board's Decision, August 22, 1997, at 3; R.R. at 156a. This appeal followed.[3]

Claimant contends that Employer failed to present any evidence of a change in Claimant's condition and offered a medical opinion contrary to facts the WCJ had recently found in the reinstatement proceeding and which

---

2. Victoria M. Langa, M.D., a board certified orthopedic surgeon, evaluated Claimant on two occasions, September 23, 1993, and September 6, 1994.

3. Our review is limited to a determination of whether constitutional rights were violated,

whether an error of law was committed and whether the necessary findings are supported by substantial evidence. *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Cmwlth.455, 576 A.2d 1163 (1990).

precluded the WCJ from terminating benefits.[4] We disagree.

The prior decision of the referee to grant Claimant a reinstatement of benefits as of June 21, 1992, was not challenged in the present proceeding. Dr. Langa did not re-examine Claimant until September 6, 1994, and did not address Claimant's physical condition during the time at issue in the reinstatement proceeding; instead, Dr. Langa confined her analysis to Claimant's physical condition as of his September 6, 1994, examination. Claimant's only defense was advanced in Dr. Weiss' deposition, secured over one year prior to the filing of Employer's termination petition. Further, Claimant did not treat with Dr. Weiss in 1994 and 1995.

■ A review of Dr. Langa's opinion establishes that the WCJ's decision to grant Employer's termination petition is supported by substantial, competent testimony. We note that the WCJ is the ultimate fact finder and has complete authority for all credibility determinations. *Universal Cyclops Steel Corporation v. Workmen's Compensation Appeal Board*, 9 Pa.Cmwlth. 176, 305 A.2d 757 (1973). Here, the WCJ found the testimony of Dr. Langa credible and persuasive. Dr. Langa examined Claimant on September 6, 1994, and opined that Claimant completely recovered from any work-related injury.

■ Claimant contends that Employer's petition to terminate is barred by collateral estoppel or issue preclusion because Employer failed to prove a change in condition since the prior reinstatement proceeding. An employer does not have the burden of proving that a workers' compensation claimant's physical condition has changed when litigating a termination petition. Pursuant to *Mason v. Workmen's Compensation Appeal Board (Hilti Fastening Systems Corp.)*, 657 A.2d 1020 (Pa.Cmwlth.1995), *appeal denied* 542 Pa. 679, 668 A.2d 1140 (1995), an employer is only required to establish that a claimant's disability has ceased when litigating a termination petition. Section 413 of the Act, 77 P.S. § 772, states that;

A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, *upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased,* or that the status of any dependent has changed. (emphasis added).

■ The fact that Claimant prevailed in an earlier reinstatement proceeding did not bar Employer from proving Claimant's disability subsequently ceased. There is no identity of issues as is required to implicate the doctrine of collateral estoppel. The Claimant filed a reinstatement petition on January 13, 1993, which was granted by the WCJ based upon Claimant's physical inability to perform her time-of-injury employment position as of June 21, 1992. The termination petition focused on whether Claimant fully recovered from the original cervical strain sustained on June 29, 1990, as of September 6, 1994. The critical date in the termination proceeding was in excess of two years after the reinstatement of Claimant's total disability benefits. Since the issues involved in the termination petition were different from the issues presented in the prior reinstatement proceeding, the termination petition was not barred by either the doctrine of res judicata or collateral estoppel. *See Buchanan v. Workmen's Compensation Appeal Board (Mifflin County School District)*, 167 Pa. Cmwlth. 335, 648 A.2d 99 (1994), *appeal denied*, 539 Pa. 682, 652 A.2d 1326 (1994) (affirming a termination of a workers' compensation claimant's entitlement to benefits and denying claimant's argument that the principles of res judicata barred the litigation of the termination petition).

---

4. Claimant also contends that Employer's petition to terminate was not in "good faith" because it was filed less than a year after an order was entered to reinstate Claimant's benefits. Claimant did not preserve this issue in the Statement of Questions Involved pursuant to Pa. R.A.P. 2111 and, even if she had, this argument would fail because a reasonable amount of time had passed between the date benefits were reinstated and the filing of the termination petition.

We agree that an employer may not relitigate an original diagnosis where a claimant's condition is irreversible, but an employer is not foreclosed where the claimant's disability is subject to change or ceases. *King v. Workmen's Compensation Appeal Board (K–Mart Corp.),* 664 A.2d 1087 (Pa. Cmwlth.1995), *reversed* 549 Pa. 75, 700 A.2d 431 (1997). In *King,* Donna King (King) suffered a work-related injury to her back on January 16, 1980, while employed by K–Mart Corporation (K–Mart). King received total disability benefits. In July, 1983, K–Mart petitioned to terminate benefits, claiming King was no longer disabled. In July, 1987, the referee denied termination, · finding King's medical expert more persuasive than K–Mart's medical expert. In February, 1990, K–Mart filed a second termination petition. On June 18, 1993, termination was granted. The referee found K–Mart's medical witness more credible than King's medical witness, and that K–Mart was not barred by res judicata from bringing the petition because of the result of the dismissal of the original petition. The Board affirmed. We reversed and the Supreme Court of Pennsylvania reversed our decision and reinstated the decision of the Board.

K–Mart produced evidence that King's condition was not irreversible. K–Mart argued only that King was no longer disabled by the work-related injury and never challenged the referee's conclusion in the first proceeding. In *King,* the Supreme Court found that in a termination petition an employer must show that the claimant's condition has changed as of the time specified in that proceeding.

> We can find no reason that the nature of the proof in a second or later termination proceeding should differ from that in a first proceeding. The issue in each instance is whether the claimant's disability had changed or ceased as of the time specified in that proceeding. Of necessity, an employer's second termination petition will involve evidence similar to that presented in the first for in each case the employer believes it has marshaled sufficient proof, generally in the form of medical opinion, that the claimant's disability has ceased. A decision that the claimant's condition had not changed as of an earlier time should have no effect on a later attempt to demonstrate that the condition has changed as of a later time.

*King,* 549 Pa. at 81, 700 A.2d at 435.

Accordingly, we affirm the decision of the Board.

### ORDER

AND NOW, this 22nd day of April, 1998, the order of the Workers' Compensation Appeal Board in the above captioned case is affirmed.