VOLKSWAGON OF AMERICA, INC.,
and State Workers' Insurance
Fund, Petitioners,

v.

WORKERS' COMPENSATION
APPEAL BOARD (BEN-
NETT), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 2, 2004.
Decided Sept. 9, 2004.

Brian Samuel Malkin, Wexford, for petitioners.

John M. Purcell, Uniontown, for respondent.

BEFORE: COLINS, President Judge, and COHN JUBELIRER, Judge and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Volkswagen of America, Inc, and the State Workers' Insurance Fund (collectively, Employer) petition for review from a decision of the Workers' Compensation Appeal Board (Board) which reversed the determination of a Workers' Compensation Judge (WCJ) thereby denying Employer's termination petition. We affirm.

Jack Bennett (Claimant) suffered a work-related back injury in August, 1988 and began receiving benefits. In December 1998, Employer filed the first termination petition alleging that Claimant had fully recovered from his injury. Employer presented the testimony of Dr. Trenton M. Gause who testified that Claimant's back injury had resolved and that he had no limitations as a result of the back injury. He observed that Claimant had a significant non-occupationally related history. Dr. Gause identified a left leg atrophy and an absent Achilles reflex but according to the WCJ, he did not testify as to what caused them.

Claimant testified on his own behalf and also introduced the testimony of his treating physician, Dr. Wilhelm. Dr. Wilhelm opined that Claimant continues to suffer impairment from his work injury. Specifically, Claimant still had low back problems and left leg atrophy and an absent Achilles reflex which were due to the work-related incident.

The WCJ credited the testimony of Dr. Wilhelm that Claimant continues to suffer impairment from the work injury including an absent left Achilles reflex and left leg atrophy. In an order dated January 16, 2000, the WCJ denied Employer's termination petition.

Employer thereafter filed the present termination petition alleging that as of September 13, 2000, Claimant had recovered from his work-related injury. Employer introduced the deposition testimony of Dr. Gause, who most recently evaluated Claimant on September 13, 2000. According to Dr. Gause, Claimant exhibited no objective abnormalities which would relate to the vocational lumbar strain Claimant sustained while working. Dr. Gause also testified that the atrophy to Claimant's left calf, absent Achilles reflex and limited ankle motion are all due to Claimant's non work-related factors. Specifically, Claimant suffers from coronary disease, hypertension and occlusive peripheral vascular disease.

Dr. Wilhelm again testified for Claimant. He has been providing Claimant chiropractic treatments for years and maintained that as a result of his work injury, Claimant suffers a lumbosacral sprain and strain and that the sprain is causing him radicular pain in his left leg. Although Dr. Wilhelm agreed with Dr. Gause that Claimant has an absent left sided Achilles reflex, Dr. Wilhelm disagreed with Dr.

Gause's opinion that the absent left sided Achilles reflex is related to Claimant's peripheral vascular disease. Rather, Dr. Wilhelm believed that the absent Achilles reflex is neurological in nature from the traumatic injury that Claimant suffered. Dr. Wilhelm stated that the Achilles reflex is a muscle stretch reflex and it is neurological in nature, which has to do with the functioning of the nerve root and the entire nerve.

The WCJ credited the testimony of Dr. Gause and concluded that Claimant fully recovered from his work-injury as of September 30, 2000. Any abnormalities associated with Claimant's left leg, including the absent Achilles reflex, atrophy of the left calf and a stiff left ankle, were due to factors other than his work injury. The WCJ therefore granted Employer's termination petition and Claimant thereafter appealed to the Board.

■ The Board issued a determination reversing the decision of the WCJ. The Board reasoned that with respect to the initial termination petition filed by Employer, the WCJ in denying the petition found that Claimant had leg abnormalities, including an absent Achilles reflex and left leg atrophy which were due to the work injury. With respect to the termination petition at issue, the Board determined that the evidence accepted by the WCJ that Claimant's left leg abnormalities including atrophy and absent Achilles reflex

were not work-related contradicted the finding of work-relatedness made by the WCJ in the initial termination petition and thus was precluded by the doctrine of res judicata. This appeal followed.[1]

■ In a termination proceeding, the burden of proof is on the employer to establish that the claimant has fully recovered from his work-related injury. *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 550 Pa. 319, 327, 705 A.2d 1290, 1293 (1997). The employer meets this burden when its medical expert "unequivocally testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury." *Id.*

■ As to res judicata, we observe that the doctrine prevents the relitigation of claims and issues in subsequent proceedings. *Henion v. Workers' Compensation Appeal Board (Firpo & Sons, Inc.)*, 776 A.2d 362 (Pa.Cmwlth.2001).[2] In this case, Employer argues that although in the previous termination proceeding it was found that Claimant's absent Achilles reflex and left leg atrophy were work-related, Employer is not precluded in the present proceeding from proving that the absent Achilles reflex and left leg atrophy

1. Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings are supported by substantial evidence. *Southern Chester County Hospital v. Workmen's Compensation Appeal Board (Sinsheimer)*, 676 A.2d 315 (Pa.Cmwlth.1996).

2. Res judicata involves the principles of technical res judicata and collateral estoppel. Technical res judicata provides that when there is a final judgment on the merits, litigation between the parties on the same cause of

action is prohibited. Four elements are required for technical res judicata: identity in the thing sued upon; identity of the cause of action; identity of the persons and parties to the action; and identity of the quality or capacity of the parties suing or being sued. *Maranc v. Workers' Compensation Appeal Board (Bienenfeld)*, 751 A.2d 1196 (Pa. Cmwlth.2000). Collateral estoppel precludes future litigation of issues of fact or law, which were litigated and necessary to a previous final judgment. *Id.*

is caused by factors other than the work-related injury.

In *King v. Workmen's Compensation Appeal Board (K–Mart Corp.)*, 549 Pa. 75, 700 A.2d 431 (1997), the employer filed a termination petition and presented the testimony of Dr. Williams who opined that the claimant could return to her regular duties and that he was unable to find any cause or explanation for her complaints of pain. The claimant presented the testimony of Dr. Greene, who described the claimant's condition as chronic coccydynia and opined that she was permanently disabled from working. The WCJ denied the termination petition crediting the claimant's medical witness.

Thereafter, the employer filed a subsequent termination petition. The employer's physician testified that he found no objective basis for the claimant's complaints of back pain. The claimant testified on her own behalf, introduced medical testimony and the earlier deposition of Dr. Greene. The WCJ accepted the testimony of the employer's expert and found that the claimant was fully recovered from her work-related injury and that any disability that she suffered was the result of some other cause not related to her work injury. The Board affirmed but this court thereafter reversed.

In reversing the decision of this court, the Supreme Court observed that when an employer seeks to terminate benefits in a second petition, having been unsuccessful in the initial termination proceeding, the employer's burden is to show that that claimant's disability has changed or has ceased as of the time of the proceeding. *King.* Although an employer cannot relitigate the issue of a claimant's medical condition when it is irreversible, *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1993), there was nothing in *King*, characterizing the claimant's condition as irreversible.

In *King*, the Court further observed that the employer never suggested that the claimant did not suffer a work-related back injury. Rather, in both the first and second termination proceedings, the employer argued that the claimant was no longer disabled as a result of the work injury. The employer in order to prevail on either the first or second termination petition was required to prove that the claimant's disability had changed or ceased as of the time specified in the proceeding. Because the testimony credited by the WCJ supported the determination that the claimant was fully recovered from her work injury, the termination of benefits was proper.

We observe that in *King*, the issue involved the permanency of the injury, there was no issue as to the cause of the injury. In the initial termination proceeding in the present case, the WCJ concluded that Claimant had not recovered from his work-related back injury which included the objective medical findings of an absent left Achilles reflex and left leg atrophy. In the second termination proceeding, unlike the *King* case where there were no objective findings to substantiate the complaints of disability, Dr. Gause opined that Claimant recovered from the back injury but that the absent left Achilles reflex and left leg atrophy which were still present were caused by non work-related factors. However, despite Dr. Gause's failure to address causation in the first termination proceeding, it was decided that the cause of Claimant's absent left Achilles reflex and leg atrophy was the work injury. Employer has the burden in this termination petition to prove a change in Claimant's disability. Employer's expert, Dr. Gause admits there is no change in the left Achilles reflex and the atrophy in the left leg. Absent evi-

dence from Employer that Claimant had recovered from the left Achilles reflex and leg atrophy previously determined to have been caused by the work-related incident, Employer via Dr. Gause could not now attempt to show that Claimant was fully recovered from this work-related injuries by attempting to prove that the left Achilles reflex and leg atrophy were not work-related after the same issues were judicially previously determined.

Employer relies on the case of *Green v. Workers' Compensation Appeal Board (Jefferson Health Services)*, 711 A.2d 575 (Pa.Cmwlth.1998), *petition for allowance of appeal denied*, 557 Pa. 656, 734 A.2d 863 (1999) where this court reiterated that where a claimant's injury is reversible, an employer is not precluded from relitigating in subsequent proceedings that the claimant has recovered from the work injury. Here, however, it is Employer's burden to show that Claimant's disability has changed or has ceased as of the time of the second proceeding. Dr. Gause's opinion of a full recovery is based upon an incorrect conclusion that the absent left Achilles reflex and left leg atrophy were not work-related.

In the present case, Employer did not produce evidence that Claimant was fully recovered from the work-related injuries because Employer failed to prove there had been some change in the disability or that it had ceased. Employer's Dr. Gause attempted to testify that Claimant was fully recovered but he did not satisfy the requirement that disability has ceased or changed because of the ongoing absent left Achilles reflex and left leg atrophy. Dr. Gause not only did not question the presence of the objective medical findings of the reflex and atrophy but he actually found them twice, once in each proceeding, a fact which distinguishes the present case from the *King* case where there were no objective medical findings and no dispute over causation. Dr. Gause and Employer chose not to opine as to the cause of the reflex and atrophy in the first termination proceeding despite the fact that Claimant's physician, Dr. Wilhelm, had raised the issue by unequivocally opining they were caused by the work injury. It was only after the WCJ denied the Employer's first termination petition which was not appealed that Employer via Dr. Gause attempted to attack the cause of the reflex and atrophy conditions by the filing of a second termination petition. Dr. Gause attacked causation, an issue judicially determined in the first termination proceeding as work-related. Employer cannot relitigate the fact that the absent left Achilles reflex and left leg atrophy were work-related. Inasmuch as Dr. Gause testified that Claimant .still suffers from an absent left Achilles reflex and leg atrophy, which he also acknowledged were present in his initial exam regarding the first termination petition, and which were determined to have been caused by the work-related incident, we agree with the Board that the WCJ erred in granting Employer's termination petition.

In accordance with the above, the decision of the Board is affirmed.

### ORDER

Now, September 9, 2004, the decision of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.