**Peter LISTINO, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (INA LIFE INSURANCE COMPANY and Cigna Worker's Comp. Center), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 10, 1995.

Decided May 12, 1995.

---

Christina J. Barbieri, for petitioner.

Steven M. Levin, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Peter Listino (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's grant of Claimant's penalty petition. We reverse.

Claimant, a regional director of agencies and marketing manager for INA Life Insurance Company (Employer), was injured in an automobile accident on October 27, 1987, while in the course of his employment. As a result, Claimant suffered injuries to his neck, back, ribs and jaw, and subsequently received benefits under a Notice for Compensation Payable. On March 29, 1988, Claimant signed a supplemental agreement asserting his ability to return to work on January 25, 1988, at no loss of salary.

On November 3, 1988, Claimant was involved in a second automobile accident while in the course of his employment. Claimant thereafter filed a claim petition on October 28, 1991, alleging that he suffered injuries to his left knee and further injuries to his back and neck from this second automobile accident.[1] Claimant, on December 7, 1989, was involved in a third non-work-related automobile accident.

On January 23, 1991, Claimant filed a petition to set aside a final receipt, later amended by Claimant to a reinstatement petition, alleging Claimant's continued affliction from the injuries received from his first work-related automobile accident on October 27, 1987. On June 18, 1991, Claimant filed a penalty petition alleging Employer's failure to pay for Claimant's medical treatment. Employer asserted that Claimant's medical treatment was unrelated to Claimant's first two work-related automobile accidents, and therefore, it was not responsible for payment of Claimant's medical bills after March 1991.

Following a hearing, a referee granted Claimant's petition for reinstatement, dismissed Claimant's claim petition for his second automobile injury of November 3, 1988, and granted Claimant's petition for penalties for Employer's refusal to pay Claimant's medical expenses.[2] The referee ordered Employer to pay Claimant partial disability benefits, all outstanding medical bills, and awarded penalties in the amount of twenty

---

1. On June 1, 1989, Employer's company was sold, and all employees including Claimant were dismissed from employment. Claimant received unemployment compensation as a result of his dismissal.

2. Those penalties were granted under Section 435(d)(i) of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 991(d)(i).

percent interest and attorney's fees and costs.

Employer appealed to the Board on the sole issue of the referee's imposition of penalties. The Board reversed and ruled that the referee erred as a matter of law by determining that Employer was obligated to file a petition for review prior to unilaterally ceasing to pay for Claimant's medical charges.

On appeal before this Court,[3] Claimant argues that the Board erred, as a matter of law, in reversing the referee's grant of penalties. Specifically, Claimant asserts that an employer cannot unilaterally cease payment of a claimant's medical bills when the injury being treated is causally connected to the work-related injury.

The Board, in reaching its decision, relied upon *King v. Workmen's Compensation Appeal Board (Wendell H. Stone Co.)*, 132 Pa.Commonwealth Ct. 292, 572 A.2d 845 (1990), *overruled in part by Stonebraker v. Workmen's Compensation Appeal Board (Seven Springs Farm)*, 163 Pa.Commonwealth Ct. 468, 641 A.2d 655 (1994).[4] However, since the state of the law has changed, we must examine this case under the new standard concerning an employer's unilateral refusal to pay a claimant's medical bills, which has recently emerged from this Court.

In *Stonebraker v. Workmen's Compensation Appeal Board (Seven Springs Farm, Inc.)*, 163 Pa.Commonwealth Ct. 468, 641 A.2d 655 (1994), we held that a referee *cannot* grant a retroactive termination of a claimant's medical benefits. In essence, an employer *must* pay all of a claimant's medical bills until a referee terminates these benefits. Further, regardless of the validity of these "pre-decision" medical bills, a referee cannot retroactively terminate liability for medical bills paid for before his decision. In *Stoneb-*

*raker*, this Court clearly held that an employer has an "absolute duty" to pay a claimant's medical bills until a referee determines that liability no longer exists. Also, an employer must bear the burden of proof to show that a claimant's medical bills are not necessary or are unreasonable.[5] Further, this Court in *Stonebraker* overruled *King*, "to the extent that [it] . . . supports the proposition that an employer may unilaterally cease payment of medicals prior to a referee's termination of liability . . . ." *Id.* at 476, 641 A.2d at 659.

This Court, however, in *Buchanan v. Workmen's Compensation Appeal Board (Mifflin County School District)*, 167 Pa.Commonwealth Ct. 335, 648 A.2d 99 (1994), provided a refinement to an employer's "absolute duty" to pay a claimant's medical bills as enunciated *Stonebraker*. A clear distinction was established in *Buchanan* between "reasonableness" and "causation" cases. In all cases where an employer questions the reasonableness and necessity of a claimant's work-related medical bills, the *Stonebraker* rule[6] applies. However, if an employer believes medical bills are "caused" by a non-work-related injury, an exception may apply.

The employer, who questions "causation" and the subsequent medical bills, may escape penalty provision liability for unilaterally ceasing to pay for these medical benefits, *if* a referee later determines that these medical bills are indeed not causally related to the work-related injury. In such a situation, the employer is (1) not subject to penalties under the Act and (2) is not responsible to pay retroactively for a claimant's medical treatments.

This case, however, is factually distinguishable from *Buchanan* because the referee

---

3. Our scope of review is limited to determining whether an error of law has been committed, findings of fact are supported by substantial evidence or constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4. We must note that the Board's decision was filed nearly five months *after* the *Stonebraker* decision, which overruled a relevant portion of *King*.

5. *See Thomas v. Workmen's Compensation Appeal Board (School District of Philadelphia)*, 153 Pa.Commonwealth Ct. 560, 621 A.2d 1192 (1993).

6. This rule, as set forth previously, states that an employer can never unilaterally cease medical payments and indeed is "retroactively responsible" for medical payments until a referee makes a determination.

found Claimant's medical costs to be directly related to his work-related injury. As such, this case presents us with an issue of first impression, which is whether an Employer, who unilaterally ceases a Claimant's medical payments on causation grounds, can be liable for penalties if a referee later finds that the medical charges are "caused" by the work-related injury. As in *Buchanan*, the Employer here unilaterally stopped paying Claimant's medical bills because Employer felt that these bills were not causally related to the work-related accidents. As previously noted, however, the referee did find the medical bills to be causally related to Claimant's October 27, 1987 work-related car accident and accordingly determined that liability for these bills remained with Employer. As such, the referee awarded Claimant penalties under Section 435(d)(i) of the Act[7] due to Employer's violative act of unilaterally ceasing to pay for Claimant's medical bills.

■ When an employer unilaterally ceases to pay a claimant's medical costs based upon an alleged lack of causation, and the referee later determines these bills to be causally related to the work-related injury, we hold that the *Stonebraker* rule[8] applies. Therefore, an employer must pay all the medical costs accrued until the date of the referee's decision, as well as future medical costs, and further, it is subject to penalties under the Act, at the discretion of the referee.

An employer who unilaterally stops paying a claimant's medical bills based solely on causation, assumes the risk of exposure to possible penalty liability contingent upon a referee's ruling concerning the causal relation of the medical costs. In general, the *Stonebraker* rule remains valid law and shall be applied in all situations except those where the narrowly construed *Buchanan* case applies.

■ In this case, the referee found Claimant's medical bills as of March 1991[9] were related to his work-related car accident of October 27, 1987. Further, the referee found that Employer engaged in an excessive and unreasonable delay in failing to make these payments.

Our review of the record reveals substantial evidence supports the referee's grant of penalties under the Act to Claimant. As previously discussed, the Board committed an error of law in reversing the referee's decision as to penalties.

Accordingly, we reverse the decision of the Board and reinstate the referee's grant of penalties to Claimant.

## ORDER

AND NOW, this 12th day of May, 1995, the order of the Workmen's Compensation Appeal Board is hereby reversed and the referee's grant of penalties to Claimant is reinstated.

DOYLE, Judge, concurring.

As correctly stated by the majority, the only issue before the Workmen's Compensation Appeal Board, and on appeal now, is the issue of the referee's imposition of a 20% penalty under Section 435(d)(i) of the Workers' Compensation Act (Act),[1] which pertinently provides:

(d) The department ... shall have the power to impose penalties as provided herein for violations of the provisions of this act. . . .

(i) Employers ... may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be in-

---

7. Section 435(d)(i) of the Act states:
    Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalties shall be payable to the same persons to whom the compensation is payable.

8. See Footnote 6.

9. Employer stopped paying Claimant's medical bills in March 1991 claiming that this treatment concerning Claimant's back condition were no longer related to his original work-related car accident of October 27, 1987.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 991(d)(i).

creased to twenty per centum in cases of unreasonable or excessive delays. (Emphasis added.)

The referee assessed the 20% penalty on the basis that the employer violated the Act by refusing to pay for medical treatment after March of 1991 "despite being provided with complete documentation in support of same as well as medical testimony ... establishing that the treatment was, indeed, referable to the injury of October 27, 1987."

In reversing the referee, the Board wrote that "it was erroneous [for the referee] to find that the Defendant was under the obligation to file a Petition for Review before it [could automatically stop paying] the outstanding medical bills in issue"; however, the referee never, in fact, made such a finding, nor came to such a conclusion. The Board's statement, that filing such a petition is not required before an employer may stop paying medical costs which are in no way related to or caused by a claimant's work-related injury, is, of course, a correct statement of the law, which, I note *both* parties agree with.[2] However, as the referee never based his assessment of the 20% penalty on those grounds, the Board's error must be reversed.

In their respective briefs, both parties further agree that whether there is an "obvious causal connection" between the medical treatment and the work-related injury is critical to a determination of the issue of the 20% penalty; however, in this case they disagree on whether there was indeed such an "obvious causal connection." Claimant argues that there was because the first work-related accident in October 1987 was an injury to Claimant's lower back (among other areas of his body) while the employer argues that the medical costs were caused by a third non-work related accident in January of 1989, and further relies upon the testimony of Claimant's own treating physician, Dr. Joel

Klein, who testified as such. This dispute, in my opinion, was, and should have been, settled by deference to Referee Troilo's decision. In fact, either view could be supported by substantial evidence in the determination of whether the employer's unilateral refusal to pay was "unreasonable" under Section 435(d)(i) of the Act.

---

2. Counsel for **both** parties agree that where the employer's challenge to the cost of the medical treatment is based upon the issue of **causation,** as distinguished from the reasonableness or necessity of the medical care, "this Honorable Court has granted the employer the power to unilaterally cease paying the disputed medical bills pending a judicial determination on the issue of their relatedness. [*Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck and Company)*, 104 Pa.Commonwealth Ct. 175, 521 A.2d 503, *petition for allowance of appeal denied,* 516 Pa. 644, 533 A.2d 714 (1987); *Buczynski v. Workmen's Compensation Appeal Board (Richardson–Vicks, Inc.),* 133 Pa.Commonwealth Ct. 532, 576 A.2d 421 (1990)]." Claimant's brief at 8–9; Employer's brief at 5. *But see also Masko v. Workmen's Compensation Appeal Board (Civic Center Cleaning),* 149 Pa.Commonwealth Ct. 558, 613 A.2d 648 (1992) (Doyle J. concurring and dissenting).