**ROADWAY EXPRESS, INC., Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (IWASKO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 13, 1998.

Decided Jan. 12, 1999.

Mark W. Voigt, Huntington Valley, for petitioner.

Thomas J. Jones, Jr., Scranton, for respondent.

Before DOYLE, J. and KELLEY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Roadway Express, Inc. (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed in part and vacated in part the decision of a workers' compensation judge (WCJ) granting the penalty petition filed by John Iwasko (Claimant). We reverse.

Claimant suffered a work-related injury on November 21, 1987 and received benefits pursuant to a notice of compensation payable (NCP), which set forth the nature of the injury as a right leg fracture and left leg bruises. On September 17, 1992, Claimant filed a penalty petition, alleging that Employer violated the Workers' Compensation Act (Act)[1] by failing to pay for reasonable, necessary and causally related medical expenses. The petition identified specific charges from Moses Taylor Hospital, Lackawanna Anesthesiology, North East Plastic Surgery Associates/Dr. Blomain, North East Rehabilitation and Occupational Medicine Center, and Leroy Pelicci, M.D. These expenses were for treatment unrelated to the fracture and bruising of Claimant's legs.

At a November 6, 1992, hearing on the penalty petition, the WCJ reviewed discussion he had with counsel off the record. The WCJ noted that the bills at issue were itemized on the penalty petition and he noted the providers' names for the record. The WCJ also noted that some of those bills had been paid prior to the hearing. The WCJ continued the matter, in part, to identify the bills that remained in dispute.

The WCJ noted that the parties had submitted stipulated findings of fact that were approved by the Board on September 11, 1991. Based on the stipulated facts, the WCJ issued an interlocutory order dated December 1, 1992, amending the NCP to include a work injury to Claimant's leg, back, neck, wrists and hands.

A second hearing was held on March 10, 1993, at which the WCJ again reviewed off-record discussion with counsel. The WCJ noted that, according to counsel, only two of the contested bills remained unpaid, one from North Eastern Pennsylvania Plastic Surgery Associates, Ltd. (Dr. Blomain) and one from Dr. Pelicci. Employer's counsel informed the WCJ that it was contesting Dr. Blomain's bill as not causally related to the injury. No testimony or evidence was presented at either hearing, and the parties subsequently submitted evidence by way of deposition. The record was closed in September of 1995.[2]

Claimant presented the testimony of Dr. Pelicci, a board certified neurologist, who began treatment of Claimant in April of 1989. Dr. Pelicci opined that Claimant suffers from a seizure disorder and disc protrusions and nerve compression in his back, as a result of the work injury. He also opined that Claimant suffered from bilateral carpal tunnel syndrome as a result of the work injury. On cross-examination, Dr. Pelicci acknowledged that emergency room records from the date of the injury gave no indication of an injury to the head or wrists.

**1.** Act of June 2, 1915, P.L. 736 *as amended,* 77 P.S. §§ 1—1041.4.

**2.** The bills identified in Claimant's penalty petition were included in the record as "Bureau Exhibit 1."

Dr. Pelicci reviewed his treatment of Claimant and testified that his unpaid bills represented treatment that was reasonable, necessary and causally related to the work injury.

Employer presented the testimony of John Querci, M.D., a board-eligible practitioner of internal and occupational medicine. Dr. Querci testified that the results of Claimant's neurologic examination were normal, that an MRI revealed only minimal degenerative changes consistent with the aging process, and he opined that Claimant's seizure disorder and carpal tunnel syndrome were not related to the work injury.

Dennis Kircher, Employer's workers' compensation manager, testified regarding the payment of bills submitted by Dr. Pelicci. He stated that payments had been made to Dr. Pelicci according to the fee limitations contained in the 1993 amendments to the Act, and that certain bills from Dr. Pelicci had not been paid because required documentation had not been submitted.

The WCJ accepted Dr. Pelicci's testimony to the extent it supported an injury to Claimant's right leg, neck, back, wrists and hands. The WCJ accepted Dr. Querci's testimony in part and found that Claimant did not sustain an injury to his head and that Claimant's seizure disorder was not related to his work injury.

The WCJ found that bills for surgery for carpal tunnel syndrome performed by Dr. Blomain at Moses Taylor Hospital and bills from North East Rehabilitation and Occupational Medicine for physical therapy to Claimant's back and neck were related to the work injury. (Findings of Fact Nos. 11.d; 11.e.) The WCJ also found that, subsequent to the commencement of this action, Employer paid pre-petition bills from Moses Taylor Hospital, Dr. Blomain, and North East Rehabilitation and Occupational Medicine in full. Finally, the WCJ found that Employer was not required to make payment to Dr. Pelicci

until outstanding invoices were properly documented.

Based on these findings, and concluding that Employer had no reasonable basis to contest the bills (other than those that lacked documentation), the WCJ ordered Employer to pay those bills itemized on Claimant's penalty petition and awarded penalties in the amount of twenty per cent of all payments made on or after September 17, 1992.

Employer appealed to the Board, asserting, *inter alia*, that the WCJ's Findings of Fact Nos. 11.d and 11.e (relating to treatment provided by Dr. Blomain and North East Rehabilitation and Occupational Medicine) were not supported by substantial evidence. Employer argued that Dr. Pelicci's testimony was not competent and did not support the WCJ's findings, that the WCJ failed to make necessary findings of fact, and that the WCJ erred by awarding relief not requested by Claimant. In addition, Employer argued that the WCJ failed to issue a reasoned decision, that the award of penalties was without foundation, and that the decision was in violation of due process. The Board granted Employer's request for supersedeas on March 4, 1996.

The Board affirmed the WCJ's decision, concluding that the WCJ acted within his discretion in resolving conflicting testimony and that the WCJ's findings were supported by substantial evidence. The Board vacated that part of the WCJ's decision concluding that Employer did not have a reasonable basis for its contest; however, as the Board observed, the WCJ did not award attorney's fees based on an unreasonable contest.

On appeal to this Court,[3] Employer argues that the Board erred in affirming the WCJ's award of penalties because the WCJ's findings regarding the bills at issue are not supported by substantial evidence. Employer argues that Claimant offered no testimony or other evidence that these bills were for treatment causally related to the work injury, or that they were submitted to Employer

---

**3.** Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

 

with the required documentation. Employer also argues that the bills in question were not properly made part of the record.

■ Claimant responds that Employer has waived these arguments by failing to raise them to the Board. However, in its appeal to the Board, Employer specifically identified the challenged findings as unsupported by substantial evidence by listing those findings on the appeal form.[4] Therefore, the narrow issue of whether substantial evidence supports these findings was raised to the Board.

Claimant also asserts that the medical bills at issue were properly admitted into evidence. However, Claimant cites no place in the record reflecting how or when these bills were introduced. Claimant also asserts that Dr. Pelicci testified "ad nauseum" as to the reasonableness and necessity of the underlying treatment represented by these bills, but the record reflects that Dr. Pelicci made no mention whatsoever of these items.

■ An employer who unilaterally ceases payment of a claimant's medical bills based solely on causation assumes the risk that is will be subject to penalties, contingent upon a WCJ's ruling concerning the causal relation of the medical costs. *Listino v. Workmen's Compensation Appeal Board (INA Life Insurance Co.)*, 659 A.2d 45 (Pa. Cmwlth.1995). If an employer unilaterally stops paying a claimant's medical expenses, based on an alleged lack of causation, and the WCJ later determines those costs to be causally related to the claimant's work injury, the employer must pay all costs accrued until the date of the WCJ's decision and is subject to statutory penalties at the discretion of the WCJ. *Id.*

■ Here, although the WCJ found that the disputed bills were causally related to Claimant's work injury, the record contains virtually no evidence to support these findings. In addition, there is no evidence, and therefore, no factual findings, regarding the submission of these bills to Employer. Be-

cause the WCJ's necessary Findings of Fact are not supported by substantial evidence, the award of penalties is in error.[5]

Accordingly, the order of the Board is reversed.

### ORDER

NOW, January 12, 1999, the order of the Workers' Compensation Appeal Board, at No. A96–0449, dated July 10, 1998, is reversed.

---

4. Form LIBC–2⅝₆ (Appeal From Judge's Findings of Fact and Conclusions of Law) states as follows: "I hereby appeal from the decision of Judge and allege that the following findings of fact are in error and are not supported by sub-

stantial evidence, or contain other errors as specifically set forth below."

5. Having so concluded, we need not address the remaining issues raised by Employer.