IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Lines,                                :
                     Petitioner            :
                                           :
          v.                               :    No. 1960 C.D. 2015
                                           :    Submitted: February 12, 2016
Workers' Compensation Appeal               :
Board (Specialty Haulers, Inc./            :
AARLA),                                    :
                     Respondent            :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: June 8, 2016

John Lines (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) denying Claimant's penalty petition for non-payment of his prescription medications. In doing so, the Board affirmed the Workers' Compensation Judge's (WCJ) decision that Claimant did not prove that the unpaid medications were for treatment of his work injury. We affirm.

On February 3, 1999, Claimant injured his back while working for Specialty Haulers (Employer). Employer issued a Notice of Compensation Payable (NCP) describing the work injury as a bulging disc and small herniation at the L5-S1 level and providing for payment of total disability benefits and medical expenses. In 2008, the parties executed a Compromise and Release Agreement ending Claimant's receipt of disability benefits but retaining his right to ongoing payment of medical expenses for his work injury.

In September 2013, Claimant filed a penalty petition alleging that Employer violated the Workers' Compensation Act[1] (Act) by not paying for Claimant's prescription medications. Employer filed an answer denying that it violated the Act.

In March 2014, Employer filed a petition to review medical treatment and/or billing. Therein Employer alleged it had filed a utilization review request on September 23, 2013, and that payment for the prescriptions should not be due or owing until such time as the utilization review would be decided.

The petitions were consolidated and assigned to a WCJ who held a hearing. Claimant's counsel and Employer's counsel requested subpoenas for various witnesses. Claimant's counsel did not appear at the hearing on the penalty petition. Employer's counsel appeared and explained that there was some confusion because Claimant was simultaneously litigating a different claim in front of a different WCJ involving a different workers' compensation insurance carrier. Counsel stated:

> [Claimant] has a second dual claim going on with the current litigation in front of [a different WCJ].
>
> ***
>
> He's alleging injuries and taking medications and [his] Counsel filed a Petition for Penalties alleging that we are not paying for certain medications that he's taking. So [the subpoenas are] directly relevant to the care and treatment that he's getting for the other claim which is apparently substantial. It's relevant to this claim.
>
> ***

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

No, I'm not a party of it; it's a different insurance carrier[.]

Notes of Testimony (N.T.), May 28, 2014, at 6.[2]

In support of his penalty petition, Claimant presented the deposition testimony of Darren Thomas, director of reimbursement for the Injured Workers Pharmacy, which specializes in filling prescriptions by mail for workers' compensation claimants. On May 1, 2013, Injured Workers Pharmacy began providing medications to Claimant as prescribed by his treating physician, Stephen J. Masceri, M.D. It billed Employer for these medications using the appropriate forms. The first prescription invoices were paid. However, beginning June 27, 2013, Employer refused payment. Thomas understood that Gallagher Bassett, which was handling the claim at the time, recommended payment on the invoice for the June 27, 2013, shipment of medications but for unknown reasons no check was issued. Injured Workers Pharmacy did receive payment for a July 1, 2013, bill for the medication Alprazolam.[3] Several subsequent invoices were not paid.

In August 2013, Seabright Insurance advised Injured Workers Pharmacy that it was now handling the claim. Thomas called Seabright and was told that the medication invoices were denied because the claim was "in litigation." Reproduced Record at 112a (R.R. ___); N.T., July 28, 2014, at 8. Despite the denials, Injured Workers Pharmacy continued to dispense Alprazolam and other unnamed medications prescribed by Dr. Masceri. The unpaid balance for the medications at the time of Thomas's deposition was $46,504.69.

---

[2] Claimant's reproduced record does not include the hearing transcripts. Therefore, we cite to the certified record.

[3] Alprazolam is a "benzodiazepine minor tranquilizer used for management of anxiety disorders and panic attack." STEDMAN'S MEDICAL DICTIONARY at 51 (27th ed. 2000).

3

Claimant also presented the deposition testimony of Matthew Gonder, who analyzes claim files for Seabright to ensure that they are properly reserved.[4] Gonder confirmed that Seabright took over Claimant's file from Gallagher Bassett in August 2013. It was a 15-year-old medical only claim because the disability benefits had been settled. Gonder was aware that Seabright was required to pay for reasonable and necessary medical care for Claimant's February 1999 work injury, *i.e.*, a disc herniation at L5, a fusion at L4-5 and L5-S1, chronic low back pain and neurogenic bladder. Claimant's file contained prescription drug orders from Dr. Masceri but no office visit information. Because there were numerous prescriptions for Claimant, Gonder turned the file over for an in-house medical bill review. However, Gonder subsequently realized that because this was a Pennsylvania case, he needed to file a utilization review request for review of Dr. Masceri's prescriptions with the Bureau of Workers' Compensation; he did so on September 23, 2013.[5] Gonder testified that he filed the utilization review based on an August 26, 2013, bill from Injured Workers Pharmacy. Gonder had not yet received a response from the Bureau at the time of his deposition in June 2014.

Claimant submitted four office notes from Dr. Masceri. The first, dated January 9, 2013, documented complaints of pain in Claimant's back and both legs and a "follow up" physical examination. R.R. 130a. Dr. Masceri diagnosed persistent lumbar pain with radiculopathy and prescribed Percocet and Motrin for pain relief. An office note dated February 4, 2013, stated that Dr. Masceri saw

---

[4] Seabright is now a subsidiary of Enstar Group Limited.

[5] Gonder initially believed this was a New Jersey case because Claimant lives in that state.

Claimant and gave him prescriptions for Percocet and Xanax.[6] An office note dated April 1, 2013, stated that Dr. Masceri again saw Claimant. Claimant complained of back and leg pain and had recently undergone a total right knee replacement. Dr. Masceri prescribed Percocet for pain and Restoril for sleep. Finally, an office note dated May 1, 2013, stated that Dr. Masceri again saw Claimant and gave him refills of Percocet, Motrin, Xanax and Restoril.[7]

The WCJ accepted the testimony of Thomas and Gonder as credible.[8] However, the WCJ found that neither their testimony nor Dr. Masceri's office notes provided the date of injury for which medication was being prescribed. Further, Dr. Masceri's office notes referred to Claimant's persistent lumbar pain with radiculopathy but did not state that this was associated with the 1999 work injury. The WCJ also noted that various exhibits that were referenced in the deposition testimony were not attached to the deposition transcripts. The WCJ concluded that because it was not apparent whether the unpaid medications were prescribed for the February 3, 1999, work injury, Claimant failed to meet his burden of proving that Employer had violated the Act. Accordingly, the WCJ

---

[6] Xanax is the brand name for Alprazolam. *See* http://www.everydayhealth.com/drugs/xanax.

[7] Claimant did not testify.

[8] The WCJ has complete authority over questions of credibility and evidentiary weight. *Sherrod v. Workmen's Compensation Appeal Board (Thoroughgood, Inc.)*, 666 A.2d 383, 385 (Pa. Cmwlth. 1995).

denied the penalty petition.[9]  Claimant appealed, and the Board affirmed.  Claimant then petitioned for this Court's review.[10]

On appeal, Claimant raises three issues for our consideration.[11]  First, he argues that his penalty petition should have been granted because Employer violated the Act by failing to reimburse Injured Workers Pharmacy for the medications prescribed by Dr. Masceri.  Second, he asserts that the matter should be remanded with instructions for the parties to supply the missing exhibits referenced by the WCJ.  Third, Claimant argues that Employer did not properly file its September 23, 2013, utilization review request and, therefore, had no legal basis for denying payment of Claimant's prescription medications.  We address these issues *seriatim*.

Section 435(d) of the Act, 77 P.S. §991(d), provides that penalties may be assessed against an employer that violates the Act or its regulations.[12]  To

---

[9] The WCJ also denied Employer's petition to review medical treatment and/or billing because no evidence was presented on that petition.  Employer did not appeal and, therefore, this petition is not currently at issue.

[10] This Court's review of an order of the Board is to determine whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or whether an error of law was committed.  *Boddie v. Workers' Compensation Appeal Board (Crown Distribution Center)*, 125 A.3d 84, 89 n.4 (Pa. Cmwlth. 2015).

[11] We have rearranged the order of Claimant's issues for organizational purposes.

[12] Section 435 was added by the Act of February 8, 1972, P.L. 25.  Section 435(d) states, in relevant part, as follows:

> (d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:
>
>> (i)  Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and

**(Footnote continued on the next page . . .)**

6

impose penalties, a violation of the Act or regulations "must appear on the record." *Farance v. Workers' Compensation Appeal Board (Marino Brothers, Inc.)*, 774 A.2d 785, 789 (Pa. Cmwlth. 2001). The claimant has the initial burden of presenting evidence to prove a violation of the Act. *Shuster v. Workers' Compensation Appeal Board (Pennsylvania Human Relations Commission)*, 745 A.2d 1282, 1288 (Pa. Cmwlth. 2000). If the claimant fails to produce evidence, the penalty petition will be denied. *Sanders v. Workers' Compensation Appeal Board (Marriott Corporation)*, 756 A.2d 129, 132-33 (Pa. Cmwlth. 2000).

The Act requires an employer to pay for reasonable and necessary medical expenses that are causally related to the work injury. *Listino v. Workmen's Compensation Appeal Board (INA Life Insurance Company)*, 659 A.2d 45, 47 (Pa. Cmwlth. 1995). If medical expenses are not related to a work injury, the employer is not required to pay them and is not subject to a penalty for non-payment. *Id*. However, if the employer refuses to pay bills because it believes they are not causally related to a work injury, the employer risks being assessed a penalty if the WCJ determines that they are, in fact, causally related. *Id*. at 48.

Under Section 306(f.1)(5) of the Act, 77 P.S. §531(5), the employer must pay the claimant's medical invoices within 30 days of receiving them, unless the employer disputes the reasonableness and necessity of the treatment.[13] In that

---

**(continued . . .)**

> payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

77 P.S. §991.

[13] Section 306(f.1)(5) states, in relevant part, as follows:

**(Footnote continued on the next page . . .)**

7

circumstance, the employer must submit the invoices for a utilization review or face the possibility of a penalty. *Hough v. Workers' Compensation Appeal Board (AC&T Companies)*, 928 A.2d 1173, 1180 (Pa. Cmwlth. 2007). The medical cost containment regulations permit the employer to "suspend payment" of medical bills for which utilization review has been requested during the 30-day period. 34 Pa. Code §127.208(e). The "right to suspend payment shall continue throughout the [utilization review] process." *Id.*

Claimant argues that he proved Employer violated the Act because it did not reimburse Injured Workers Pharmacy for Claimant's medications prescribed by Dr. Masceri. Claimant contends that Employer was obligated to pay for those medications, at least until Employer filed its utilization review request.

Employer responds that Claimant simply did not present enough evidence, such as Dr. Masceri's notes, to connect his pharmaceutical costs to his 1999 work injury. As such, he failed to meet his burden of proof on the penalty petition. We agree with Employer.

Failure to pay medical expenses, by itself, does not prove a violation of the Act. Only if an employer fails to pay medical expenses *related to that work injury* has a violation occurred. It is undisputed that Employer is liable for medical expenses that are causally related to Claimant's February 3, 1999, work injury.

---

**(continued . . .)**

> All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of [the provider's] bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment….

77 P.S. §531(5).

This case involves medications prescribed by Dr. Masceri as of May 1, 2013. It was Claimant's burden to show that the prescriptions were for treatment of his work injury, and he did not do so. Dr. Masceri's notes do not contain a date of injury for which he is treating Claimant and do not specifically refer to a work injury. The notes mention back pain, but they also mention a knee replacement which was not part of the 1999 work injury. This case is complicated by the fact that Claimant was apparently simultaneously litigating a claim against a different insurer for work injuries that were alluded to but not fully explained on the record. It is unclear whether those work injuries involved Claimant's back and whether Dr. Masceri was treating Claimant for those injuries or the original 1999 work injury. Under the circumstances, the Board did not err in concluding that Claimant failed to meet his burden of proof on the penalty petition.

Claimant argues that a remand is required for the parties to supply the WCJ with the missing deposition exhibits and other missing Bureau documents such as the amended NCP, Compromise and Release Agreement and the utilization review request. Claimant asserts that when all exhibits are submitted to the WCJ, it will be clear that Dr. Masceri has been treating Claimant for his work injury and all prescriptions are related to that injury.[14] Claimant characterizes the missing exhibits and the absence of the date of injury in Dr. Masceri's office notes as "details" and contends that the WCJ improperly relied on "technical reasons to

[14] Employer argues that Claimant waived the issue of missing evidence by not raising it in his appeal to the Board. Based on our review of Claimant's Board appeal form, we are satisfied that Claimant sufficiently raised the issue.

9

dismiss a clearly meritorious petition," making his decision not a reasoned one.[15] Claimant's Brief at 11.

Claimant's burden to prove a violation of the Act required evidence that the prescriptions, which Employer did not pay, were prescribed by Dr. Masceri for Claimant's 1999 work injury. It was Claimant's responsibility to ensure that all pertinent evidence be given to the WCJ prior to the close of the record, which included exhibits referenced in the Thomas and Gonder depositions as well as the Bureau record documents. The WCJ's decision accurately and thoroughly dealt with the evidence submitted to him and, thus, it is a reasoned decision. In any case, the missing Bureau documents were not fatal to Claimant's petition. The WCJ acknowledged that Claimant had a February 1999 work injury involving his back; that the parties executed a Compromise and Release Agreement continuing Claimant's eligibility for work-related medical expenses; and that Employer filed a utilization review request seeking review of Dr. Masceri's treatment. Further, Claimant has not explained why the missing exhibits are important or relevant.[16] In short, Claimant has not shown that a remand is appropriate or necessary.

---

[15] Section 422(a) of the Act requires the WCJ to issue a reasoned decision "containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached." 77 P.S. §834.

[16] We have reviewed the depositions. The Thomas deposition referred to two letters to Claimant's counsel from Injured Workers Pharmacy regarding non-payment of medical bills and the change of insurance carriers from Gallagher Bassett to Seabright, and a spreadsheet prepared by Injured Workers Pharmacy showing the last payment received and the outstanding balance. The Gonder deposition referenced Employer's September 23, 2013, utilization review request and medical documents, notes and bills Seabright received within 30 days prior to filing for utilization review.

10

Finally, Claimant argues that Employer had no basis for denying payment of Claimant's prescription medications because Employer failed to prove that it properly filed its September 23, 2013, utilization review request or that the Bureau ever processed it. Claimant also posits that Employer erroneously requested review of only Dr. Masceri's treatment when it also should have listed Injured Workers Pharmacy as a separate provider.[17]

Employer's utilization review request is not relevant to the denial of the penalty petition. As explained, Claimant could not prevail in this litigation because he failed to prove that the unpaid prescription medications were related to his February 1999 work injury. The burden never shifted to Employer.

For the above-stated reasons, we affirm the Board's order.

_____
MARY HANNAH LEAVITT, President Judge

---

[17] Claimant suggests that the WCJ's finding that he could not determine what date of injury Dr. Masceri was prescribing medication for "strains the imagination" considering that the only reason Employer would file for utilization review of Dr. Masceri's treatment is because Dr. Masceri was treating Claimant for his work injury. Claimant's Brief at 17. We disagree. Employer did not admit that the prescriptions were causally related to the work injury and explained to the WCJ that litigation was pending involving other alleged injuries that would be the responsibility of another insurer. Claimant submitted no evidence from Dr. Masceri himself explaining whether he was treating Claimant for the work injury and which prescriptions, if any, were for treatment of that injury as opposed to a different work injury or a non-work-related condition.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Lines, :
          Petitioner :
 :
     v. : No. 1960 C.D. 2015
 :
Workers' Compensation Appeal :
Board (Specialty Haulers, Inc./ :
AARLA), :
          Respondent :

# **O R D E R**

AND NOW, this 8th day of June, 2016, the order of the Workers' Compensation Appeal Board dated October 2, 2015, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge