IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Theresa Skay, : | |
|        Petitioner : | |
| : | |
|     v. : | No. 999 C.D. 2021 |
| : | Submitted: January 28, 2022 |
| Borjeson & Maizel LLC : | |
| (Workers' Compensation Appeal : | |
| Board), : | |
|        Respondent : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                     FILED: May 10, 2022

Theresa Skay (Claimant) petitions for review of the Workers' Compensation Appeal Board's (Board) August 16, 2021 Order that affirmed a Workers' Compensation Judge's (WCJ) October 27, 2020 Decision denying Claimant's Penalty Petition. On appeal, Claimant argues the Board erred as a matter of law, as Borjeson & Maizel LLC (Employer) unilaterally refused to pay for some of Claimant's prescription medications that had been previously found to be reasonable and necessary in an unchallenged Utilization Review (UR) Determination. Upon review, we affirm.

## I. Background

On December 18, 2009, Claimant fell in a crosswalk while in the course of her employment. Reproduced Record (R.R.) at 18a. By May 21, 2013, Claimant's work injury had been established as "status post L5-S1 fusion, bilateral SI joint disease with SI joint mediated pain," and "reflex sympathetic dystrophy of the lower left extremity." *Id.* A WCJ denied Claimant's Review Petition, which sought to add mood disorder and major depressive episodes to the work injury, on July 30, 2019. *Id.* That WCJ also found that Claimant "does not suffer from postural orthostatic tachycardia syndrome [POTS]." *Id.*

During Claimant's receipt of workers' compensation benefits, UR Determinations were completed on August 17, 2015, and December 11, 2017. *Id.* Both UR Determinations found that every medication prescribed to Claimant by Emique Aradillas-Lopez, M.D. was reasonable and necessary. *Id.*

On November 12, 2019, Claimant filed a Penalty Petition, alleging that Employer violated the Workers' Compensation Act (Act)[1] by failing to pay for some of Claimant's prescription medications. R.R. at 19a. Many of the medications for which Employer ceased payment had been approved as reasonable and necessary as part of the 2015 and 2017 UR Determinations. R.R. at 230a-31a, 245a.

After conducting hearings and reviewing the evidence in this matter, the WCJ found that "the unpaid bills . . . were due to a lack of causal relationship or a billing code issue. Claimant failed to present any medical evidence to establish that the denied medications were related to the work injury or the bills were ever re-submitted with the proper coding." R.R. at 22a. The WCJ accepted the opinions

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

2

of Employer's experts, found that the medications at issue were not related to the work injury, and denied Claimant's Penalty Petition. R.R. at 20a-22a.

Claimant appealed to the Board, asserting that the WCJ erred as a matter of law, because the UR Determinations, which were not appealed, showed that the prescription drugs at issue were being utilized to treat Claimant's work injuries. R.R. at 26a-27a. The Board pointed out that UR Determinations only decide the reasonableness or necessity of treatments and not the causal relationship to the work injury. R.R. at 41a. As a result, the Board opined that Claimant could not rely on the prior UR Determinations to establish a causal relationship to the work injury. R.R. at 42a. Since Claimant failed to present any other evidence to establish a causal relationship to the work injury, the Board found that Claimant failed to meet her burden of proving the prescription drugs at issue were related to the work injury. *Id.* Accordingly, the Board affirmed the WCJ's denial of Claimant's Penalty Petition. R.R. at 43a.

## II.   Discussion

On appeal, Claimant again argues that the WCJ "erred as a matter of law by denying the Penalty Petition because the Employer unilaterally refused to pay for medical treatment that had been subjected to an unchallenged [UR] Determination that found the treatment reasonable and necessary." Petitioner's Br. at 12. Claimant does not present any other challenges to Employer's evidence that the prescription medications at issue in this matter were unrelated to the work injury. *See id.* at 18-22. Instead, Claimant relies solely on the prior, unchallenged UR Determinations, which Claimant believes established that the prescription medications at issue in this matter "were determined to be reasonable and necessary for treatment of Claimant's work injuries." *Id.* at 18.

3

In a workers' compensation appeal, we are "limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007).

"Under the Act, . . . an employer is *only* liable for payment of benefits, both compensation and medical, arising out of work-related injuries." *Mulholland v. Workmen's Comp. Appeal Bd. (Bechtel Constr.)*, 669 A.2d 465, 467 (Pa. Cmwlth. 1995) (citing Section 301(c)(1) of the Act, 77 P.S. § 411(1)) (emphasis in original); *see also* Section 301(a) of the Act, 77 P.S. §431. UR Determinations "decide only the reasonableness or necessity of the treatment under review," and they do not decide "[t]he causal relationship between the treatment under review and the employe's work-related injury." 34 Pa. Code §§127.406(a), 127.406(b)(1). The payment of medical expenses[2] and the filing of a UR Determination request also do not "establish a causal connection between a medical condition and a claimant's work injury." *Securitas Sec. Servs. USA, Inc. v. Workers' Comp. Appeal Bd. (Schuh)*, 16 A.3d 1221, 1224 (Pa. Cmwlth. 2011).

If an employer believes that a claimant's medical expenses are not causally related to the claimant's work injuries, the employer may unilaterally stop paying for those medical expenses. *Listino v. Workmen's Comp. Appeal Bd. (INA Life Ins.*

---

[2] Although Claimant noted before the Board that Employer was paying for some of the medications after the December 2017 UR Determination, Claimant did not argue that Employer's prior payments for the prescriptions at issue established their connection to the work injury. Claimant also did not raise or brief this issue on appeal. Therefore, the issue is waived. *See* Pa.R.A.P. 2116-2119; *Pa. Gaming Control Bd. v. Unemployment Comp. Bd. of Rev.*, 47 A.3d 1262, 1265 n.5 (Pa. Cmwlth. 2012) (concluding that failure to develop an issue in a brief will result in waiver).

4

*Co.*), 659 A.2d 45, 48 (Pa. Cmwlth. 1995). If an employer does so, however, the employer "assumes the risk of exposure to possible penalty liability contingent upon a [WCJ]'s ruling concerning the causal relation of the medical costs." *Id.*

> In determining whether an employer may be liable for penalties for the unilateral cessation of paying for medical benefits, this Court has recognized a "clear distinction . . . between 'reasonableness' and 'causation' cases." *Listino*, 659 A.2d at 47. "In all cases where an employer questions the reasonableness and necessity of a claimant's work-related medical bills," the "employer can never unilaterally cease medical payments." *Id.* at 47, n.6. But, an "employer, who questions 'causation' and the subsequent medical bills, may escape penalty provision liability for unilaterally ceasing to pay for these medical bills, if a [WCJ] later determines that the medical bills [were] indeed not causally related to the work-related injury." *Id.* at 47 (emphasis in the original). In the latter scenario, "the employer is . . . not subject to penalties under the Act." *Id.*

*W&W Contractors, Inc. v. Workers' Comp. Appeal Bd. (Holmes)* (No. 336 C.D. 2020, filed June 28, 2021), 258 A.3d 1164 (Pa. Cmwlth. 2021) (Table).

Employer unilaterally refused to pay for some of Claimant's prescription medications, because Employer believed that those prescription medications were not causally related to Claimant's work injury. Employer was legally permitted to do this, but Employer would have been liable for penalties if a WCJ determined that the prescription medications at issue were causally related to Claimant's work injury. *See Listino*, 659 A.2d 48; *W&W Contractors*, 258 A.3d 1164.

The only evidence Claimant presented or referenced to establish a causal relationship between the prescription drugs at issue and the work injury was the prior UR Determinations. As outlined above, UR Determinations do not decide the causal relationship between treatments and the work injury. 34 Pa. Code §127.406(b)(1). Thus, Claimant did not present any evidence establishing that the prescription medications were causally related to the work injury. Accordingly, the WCJ's

5

findings and the Board's conclusions, that Claimant failed to establish that the prescription medications at issue in this matter were causally related to Claimant's work injury, are free of legal error.

In addition to challenging the Board's conclusion that the medications at issue in this matter were not causally related to Claimant's work injury, Claimant briefly argued that Employer's denial of payment for some of the medications due to billing coding issues was improper. Claimant asserts that the billing coding issues are "no legitimate defense," and that the "carrier can change these codes at a whim" and "cannot escape liability based on its own internal policy." Petitioner's Br. at 21. Claimant did not provide any citations to authority for these assertions. This Court's function is not to develop the parties' arguments, and we will not do so for Claimant. *See Commonwealth v. Brown*, 196 A.3d 130, 185 n.21 (Pa. 2018) (stating that appellate courts are "neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter.") (citation omitted).

Additionally, we note that the WCJ did not find that Employer's denial of payment for medications due to billing coding issues was *proper*. Instead, the WCJ found that Claimant failed to carry her burden of proof with regard to establishing that Employer violated the Act by denying payment due to billing coding issues. R.R. at 22a (finding that "bills were denied based on billing code issues and asked to be re-submitted," that one bill "was denied by the bill re-pricing company as 'this code is either deleted, non-covered, bundled, invalid or the status indicator is not allowable under the provider's jurisdiction,' [and] [t]he [C]laimant's counsel failed to present any evidence that the bill was resubmitted with the proper coding," and that "[C]laimant failed to present any . . . evidence to establish that . . . the bills were

ever re-submitted with the proper coding") (citation omitted). The Board similarly concluded that Claimant "failed to present evidence that the bills . . . were resubmitted with the proper . . . coding." R.R. at 42a.

Having reviewed the record, we agree that Claimant did not present any evidence to establish that the bills were resubmitted with the proper coding. Thus, we conclude that the WCJ's finding and the Board's conclusion, that Claimant failed to prove that Employer violated the Act, are free of legal errors. As a result, Employer is absolved of penalty liability.

### III. Conclusion

UR determinations cannot be used to establish the causal relationship between a treatment and a work injury. Claimant failed to establish the causal relationship between the prescription medications at issue in this matter and her work injury, because Claimant only offered prior UR Determinations as proof of that causal relationship. Additionally, Claimant failed to prove that Employer violated the Act by denying payment due to billing coding issues, because Claimant failed to introduce any evidence showing the bills were resubmitted with proper coding. Accordingly, we affirm the Board's order affirming the WCJ's decision to deny Claimant's Penalty Petition.

_____
STACY WALLACE, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theresa Skay,                 :
            Petitioner          :
                                :
          v.                  :   No. 999 C.D. 2021
                                :
Borjeson & Maizel LLC        :
(Workers' Compensation Appeal   :
Board),                       :
          Respondent       :

# **O R D E R**

**AND NOW**, this 10th day of May 2022, the Order of the Workers' Compensation Appeal Board, dated August 16, 2021, is **AFFIRMED**.

 

 

_____
STACY WALLACE, Judge