Kevin Benedict,       :
     Petitioner    :
            :
   v.        :
            :
Hard Chrome Specialists, Inc.  :
(Workers' Compensation Appeal :
Board),        : No. 746 C.D. 2023
     Respondent  : Submitted: August 9, 2024


BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE LORI A. DUMAS, Judge
     HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY         FILED: September 20, 2024


    Kevin Benedict (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) June 15, 2023 order affirming WC Judge (WCJ) Leah Lewis' (WCJ Lewis) decision that denied his Petition for Penalties (Penalty Petition). Claimant presents one issue for this Court's review: whether the Board erred by not reversing WCJ Lewis' findings because she did not properly credit Letters of Medical Necessity. After review, this Court affirms.

    Claimant sustained a work injury on October 22, 2013. On January 21, 2021, WCJ Patrick Sheldon (WCJ Sheldon) determined that Claimant's October 22, 2013 work injury was properly described as a herniated nucleus pulposus (HNP) at L4-5, and that Hard Chrome Specialists, Inc. (Employer) was to remain responsible for paying reasonable and necessary medical treatment causally related to the work

injury. On November 9, 2021, Claimant filed the Penalty Petition due to Employer's failure to pay for medications Alliance Medication Services, LLC (Alliance Medications) prescribed for him, i.e., Oxycodone/Oxycontin, Lyrica, and Diclofenac Sodium (collectively, Medications). On November 11, 2021, Employer filed an Answer denying Claimant's allegations. WCJ Lewis held hearings on December 2, 2021, and February 10, April 14, and June 16, 2022. On November 15, 2022, WCJ Lewis denied and dismissed the Penalty Petition, concluding that the Medications were not causally related to the work injury. Claimant appealed to the Board, which affirmed WCJ Lewis' decision on June 15, 2023. Claimant appealed to this Court.[1]

Claimant argues that the Board erred by not reversing WCJ Lewis' findings because she did not properly credit the Letters of Medical Necessity filled out by Stephanie Ferguson, FNP-C (Dr. Ferguson). Specifically, Claimant contends that WCJ Lewis did not adequately explain the reason she rejected the plain language of the Letters of Medical Necessity. Claimant asserts that each of the Letters of Medical Necessity clearly reflect that the Medications are related to Claimant's accepted HNP at L4-5 work injury. Claimant further claims that, given WCJ Lewis' finding that Employer's independent medical examination doctor Walter Peppelman, D.O.'s (Dr. Peppelman) testimony was equivocal and not persuasive, the plain language of the Letters of Medical Necessity was sufficient to meet Claimant's burden. Thus, Claimant proclaims that because Employer denied the

---

[1] "[This Court's] review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated." *DiLaqua v. City of Phila. Fire Dep't (Workers' Comp. Appeal Bd.)*, 268 A.3d 1, 4 n.5 (Pa. Cmwlth. 2021) (quoting *Bristol Borough v. Workers' Comp. Appeal Bd. (Burnett)*, 206 A.3d 585, 595 n.6 (Pa. Cmwlth. 2019)).

payments for the Medications, he was entitled to penalties in the amount of 50% of the unpaid medical bills.

Employer rejoins that Claimant's appeal merely challenges WCJ Lewis' credibility findings. Employer contends that the accepted work injury, HNP at L4-5, was identified and adjudicated in connection with a previously filed Petition to Review Compensation Benefits, was never appealed, and was binding on WCJ Lewis. Employer asserts that Claimant's treating physician prescribed the Medications for arthritis and spinal stenosis, not HNP at L4-5. Thus, Employer maintains that since it was not responsible for payment of medical expenses not related to the described work injury, it did not violate the WC Act (Act)[2] by declining payment for the Medications. Employer further retorts that WCJ Lewis' decision satisfied the reasoned decision requirement in Section 422 of the Act[3] and, since Claimant bore the burden of proof, it is irrelevant that WCJ Lewis found Dr. Peppelman's testimony equivocal on the issue of causation.

Initially,

> "the WCJ is the ultimate fact[-]finder and is empowered to determine witness credibility and evidentiary weight. The WCJ, therefore, is free to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses." [*Hershgordon v. Workers' Comp. Appeal Bd. (Pepboys, Manny, Moe & Jack)*, 14 A.3d 922, 928 (Pa. Cmwlth. 2011)] (quoting *Griffiths v. Workers' Comp. Appeal Bd. (Red Lobster)*, 760 A.2d 72, 76 (Pa. Cmwlth. 2000)).

*Sadler v. Phila. Coca-Cola (Workers' Comp. Appeal Bd.)*, 269 A.3d 690, 716 (Pa. Cmwlth. 2022). Further, "[a]nalysis and weighing of evidence is the essence of the fact[-]finder's role in [WC] matters and the WCJ may reject the testimony of any

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.
[3] 77 P.S. § 834.

3

witness, including the claimant or an expert, even if the testimony is uncontradicted." *Mercer v. Active Radiator, MPN, Inc. (Workers' Comp. Appeal Bd.)*, 317 A.3d 681, ___ (Pa. Cmwlth. No. 1326 C.D. 2023, filed June 3, 2024), slip op. at 21.

> Section 422 of the Act provides, in relevant part:
>
> All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The [WCJ] shall specify the evidence upon which the [WCJ] relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the [WCJ] must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the [WCJ] must identify that evidence and explain adequately the reasons for its rejection. The adjudication shall provide the basis for meaningful appellate review.

77 P.S. § 834.

Here, Claimant presented, and the WCJ accepted into evidence, a Letter of Medical Necessity for each prescribed Medication. With respect to the Oxycodone, the Letter of Medical Necessity provided: "[M]edication related to the work injury of [October 22, 2013,[4]] accepted as L4-5 HNP[.]" Reproduced Record (R.R.) at 139.[5] "[**Claimant**] **suffering from spinal stenosis** L4-5. Pain in lumbar area radiating to bilateral legs. [Claimant] has difficulty ambulating and performing

---

[4] The Letter of Medical Necessity referenced October 20, 2013; however, that appears to have been a typographical error.

[5] Pennsylvania Rule of Appellate Procedure 2173 requires a reproduced record to "be numbered . . . in Arabic figures . . . followed in the reproduced record by a small a, thus 1a, 2a, 3a, *etc.*, and followed in any supplemental reproduced record by a small b, thus 1b, 2b, 3b, *etc.*" Pa.R.A.P. 2173. Claimant did not number the pages of his Reproduced Record. Accordingly, the page numbers referenced herein reflect electronic pagination.

4

[activities of daily living].” *Id.* (emphasis added). Concerning the Diclofenac Sodium, the Letter of Medical Necessity provided: “[M]edication related to the work injury of [October 22, 2013,[6]] accepted as L4-5 HNP[.]” R.R. at 141. “[**M]edication given for arthritis** at L4-5 HPN[.]” *Id.* (emphasis added). Relative to the Lyrica, the Letter of Medical Necessity provided: “[M]edication related to the work injury of [October 22, 2013,[7]] accepted as L4-5 HNP[.]” R.R. at 142. “[Claimant’s] pain is related to a work injury[,] [**M]edication given for arthritis** at L4-5 HNP[.]” *Id.* (emphasis added).

WCJ Lewis opined:

> This [WCJ] is left [] to the 2019 office notes,[8] the [L]etters of [M]edical [N]ecessity completed by Dr. Ferguson[,] and the description of injury as adjudicated by [WCJ] Sheldon. **The [L]etters of [M]edical [N]ecessity**

---

[6] The Letter of Medical Necessity referenced October 20, 2013; however, that appears to have been a typographical error.

[7] The Letter of Medical Necessity referenced October 20, 2013; however, that appears to have been a typographical error.

[8] WCJ Lewis described the office notes as follows:

> [Employer] [] submitted two medical records from Hope Health. The first record is dated January 10, 2019. [*See* R.R. at 285-288]. Claimant presented to Hope Health to establish care for chronic back pain. It is noted that Claimant’s restless leg syndrome [(RLS)] is stable with use of Lyrica, so [it] will begin this medication for the RLS and pain. It is also noted that [it] will start Pregabalin [generic for Lyrica] for the lumbago with sciatica, right side. The [O]xycodone will be continued for “[o]ther chronic pain” along with Diclofenac [Sodium] and Prednisone. The note also indicates that [it] encouraged cessation and discontinuance of marijuana, and that [Claimant] expressed verbal understanding that controlled substances will not be prescribed as long as Claimant uses illegal substances. The second note for an office visit on June 3, 2019[,] had no mention of the RLS but noted continued prescription for Pregabalin for lumbago with sciatica, right side. The Diclofenac [Sodium] continued to be listed under “[o]ther chronic pain.” [*See* R.R. at 290-295].

R.R. at 23 (footnote omitted).

> **merely reference spinal stenosis L4-5 and arthritis at L4-5 HNP. In the office notes, the [M]edications are associated only with lumbago with sciatica and other chronic pain.** In his Decision and Order, WCJ Sheldon was explicit in his description of the work injury. To quote, [WCJ] Sheldon concluded that "[t]he credible evidence of record unequivocally established that Claimant's October 22, 2013 work injury was properly described as HNP at L4-5." There is no indication that arthritis is a part of the work injury nor any spinal stenosis. This [WCJ] finds that she is bound by [the] explicit, adjudicated work injury description set forth by [WCJ] Sheldon. As this description does not include a diagnosis of arthritis or spinal stenosis, this [WCJ] finds that Claimant's prescribed [M]edications are not causally related to the adjudicated work injury.

R.R. at 38-39 (emphasis added; footnote omitted). Because WCJ Lewis identified the Letters of Medical Necessity and adequately explained why she rejected them, her decision was reasoned pursuant to Section 422 of the Act. Accordingly, the Board properly upheld WCJ Lewis' findings relative to the Letters of Medical Necessity.

Concerning Claimant's assertion that because Employer denied the payments for the Medications, he was entitled to penalties in the amount of 50% of the unpaid medical bills. This Court has explained:

> If an employer believes that a claimant's medical expenses are not causally related to the claimant's work injuries, the employer may unilaterally stop paying for those medical expenses. *Listino v. Workmen's Comp. Appeal Bd. (INA Life Ins. Co.)*, 659 A.2d 45, 48 (Pa. Cmwlth. 1995). If an employer does so, however, the employer "assumes the risk of exposure to possible penalty liability contingent upon a [WCJ]'s ruling concerning the causal relation of the medical costs." *Id.*
>
>> In determining whether an employer may be liable for penalties for the unilateral cessation of paying for medical benefits, this Court has recognized a "clear distinction . . . between 'reasonableness' and 'causation' cases." *Listino*, 659 A.2d at 47.

6

"In all cases where an employer questions the reasonableness and necessity of a claimant's work-related medical bills," the "employer can never unilaterally cease medical payments." *Id*. at 47, n.6. But, **an "employer, who questions 'causation' and the subsequent medical bills, may escape penalty provision liability for unilaterally ceasing to pay for these medical bills, if a [WCJ] later determines that the medical bills [were] indeed not causally related to the work-related injury**." *Id*. at 47 (emphasis in the original). In the latter scenario, "**the employer is** . . . **not subject to penalties under the Act**." *Id*.

*W&W Contractors, Inc. v. Workers' Comp. Appeal Bd. (Holmes)* . . . (Pa. Cmwlth. [No. 836 C.D. 2020, filed January 15,] 2021)[, slip op. at 20].[9]

*Skay v. Borjeson & Maizel LLC (Workers' Comp. Appeal Bd.)*, 280 A.3d 19, 22 (Pa. Cmwlth. 2022) (emphasis added).

Here, although Employer unilaterally ceased to pay the bills for the Medications, because the WCJ determined that the Medications were not causally related to Claimant's work injury, Claimant is not entitled to penalties under the Act. Accordingly, the Board did not err by affirming WCJ Lewis' decision.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[9] This Court may cite to its unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. *See* Section 414(a) of the Internal Operating Procedures of the Commonwealth Court of Pennsylvania, 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Benedict, :
          Petitioner :
  :
  :
      v. :
  :
Hard Chrome Specialists, Inc. :
(Workers' Compensation Appeal :
Board), : No. 746 C.D. 2023
          Respondent :

## O R D E R

AND NOW, this 20th day of September, 2024, the Workers' Compensation Appeal Board's June 15, 2023 order is affirmed.

_____

ANNE E. COVEY, Judge